(16 App. Div. 391.)

MAISELS v. DRY DOCK, E. B. & B. R. CO. OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department, April 23, 1897.)

1. CARRIERS—ALIGHTING FROM MOVING CAR—INSTRUCTIONS.
    In an action by a passenger who was injured in alighting from defendant's
    street car the court charged that it was for the jury to say whether plaintiff
    was negligent in getting off when he did if the car was still in motion; and
    afterwards charged that "the omission of the driver to stop the car on the
    request of the plaintiff would not justify or excuse the act of the plaintiff
    in attempting to alight from the front platform of the car, while the car
    was in motion, and the horses on a trot, if you find from the evidence that
    was the fact." Held, that the second instruction was not equivalent to a
    statement that it was contributory negligence, as matter of law, if plaintiff
    attempted to get off the car while it was in motion.

2. SAME—EVIDENCE—CUSTOM.
    Plaintiff in an action for injuries received while alighting from defend-
    ant's street car as it approached a street crossing claimed that he asked the
    conductor to stop before crossing a certain street; that the conductor
    acquiesced, and the car slowed up, but suddenly started up again before
    plaintiff got off. Defendant claimed that plaintiff attempted to get off be-
    fore the crossing was reached, and that he gave no notice of his intention.
    Held, that it was competent to prove an order of the superintendent of
    police that the cars should stop only on the far side of a crossing, and that
    as a matter of fact they did stop only at the far side of the crossing
    where the accident occurred.

3. SAME—ARREST OF DRIVER.
    The arrest of the driver immediately after the accident is not admissible
    to prove that he was negligent.

Appeal from trial term, New York county.

Action by Henry Maisels, by David Lourie, his guardian ad litem,
against the Dry Dock, East Broadway & Battery Railroad of the
City of New York, for personal injuries. From a judgment dis-
missing the complaint entered on a verdict in favor of defendant,
and from an order denying a motion for a new trial made on the
minutes, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY,
O'BRIEN, and INGRAHAM, JJ.

Samuel Greenbaum, for appellant.

John M. Scribner, for respondent.

BARRETT, J. The action is to recover for injuries alleged to
have been sustained through the defendant's negligence. The evi-
dence was clearly sufficient to support the verdict which the jury
rendered for the defendant, and this seems to be conceded. Our
attention is called only to alleged errors in the charge, and the
admission and exclusion of evidence. It was charged that: "The
omission of the driver to stop the car on the request of the plain-
tiff would not justify or excuse the act of the plaintiff in attempt-
ing to alight from the front platform of the car, while the car
was in motion, and the horses on a trot, if you find from the evi-
dence that was the fact." To this the plaintiff excepted. It is
claimed that the jury were here instructed that, if the plaintiff in
fact attempted to get off the car while it was in motion, this was,
as matter of law, contributory negligence. We do not concur in

this construction of the charge. It had previously been charged, with great clearness and distinctness, that it was for the jury to say whether the plaintiff was negligent in getting off when he did, if they found that the car was then in motion. The charge above quoted merely supplemented this by an instruction that such negligence, if found, was in no manner excused by the driver's failure to stop at request. This charge was perfectly correct. It did not conflict with the former, and the jury could not have been misled. The plaintiff's counsel also asked the court to charge "that, even if the passenger knew there was a rule that he must wait until the car crosses the street, that, if the jury believed the driver stopped the car, so as to enable him to alight, before he crossed, he was justified in getting off the car." The court said: "I leave it to you, gentlemen, to say whether, under all the circumstances of the case, it was an act of a prudent man to get off as he did, as I have before charged." The modification was proper. The car might have slowed up, and yet not sufficiently to make it safe for the plaintiff to alight. It was for the jury to say whether, under all the circumstances, his conduct was reasonably careful and prudent.

The car in which the plaintiff was riding was going across town, in an easterly direction, on East Broadway. One of the plaintiff's witnesses, who had a store on the corner of East Broadway and Pike street, where the accident occurred, was asked on cross-examination whether cars did not always stop on the east corner of Pike street when proceeding east. This was objected to, the objection overruled, and an exception taken. The witness answered in the affirmative. There was also introduced in evidence, over the plaintiff's exception, an order of the superintendent of police, issued in 1882, directing all drivers of cross-town cars going east to stop at easterly crossings. This evidence was properly admitted. It was the defendant's contention that the plaintiff attempted to get off even before the car reached the westerly crossing, and that he gave no notice of his intention. The plaintiff, on the other hand, contended that he asked the conductor to stop at the westerly crossing; that the latter acquiesced, and slowed up; and that he suddenly started up again before the plaintiff was able to get off. The regular practice and custom, which the evidence in question tended to establish, to stop at the easterly corner, was certainly competent to show the greater probability of the defendant's theory, and the testimony in support of it. The testimony last above quoted does not depend for its admissibility upon the plaintiff's knowledge, or presumed knowledge, of the custom. That is, in fact, quite immaterial. Whether the plaintiff knew of the custom or not, he was not justified in trying to get off of the car if it did not, in fact, stop, but was proceeding at a rate of speed which made it dangerous to attempt to alight. This disposes of an exception taken by the plaintiff to the refusal to charge, otherwise than had been already charged, that the plaintiff was not bound by the rule of the superintendent of police unless he had knowledge of it. All that was necessary had been already said on the

subject, and the request as made was misleading. Whether or not the plaintiff was bound by the rule in question, he was certainly bound not to get off the car while it was proceeding at a dangerous rate. The request tends to indicate that, if the plaintiff had a right to think the car would stop at the near crossing, he might try to get off there, whether it did or not. So far as this is not the tendency of the request, it is entirely irrelevant and immaterial.

At the trial a roundsman and police officer, who were present at the scene of the accident shortly after it occurred, testified that the plaintiff admitted that he got off while the car was in motion, and that he alone was to blame. It also appeared incidentally that the driver was arrested. At the defendant's request, it was charged that the jury were not to consider this fact at all. This amounted to a refusal to charge an immediately preceding request of the plaintiff's that the fact was to be considered in determining whether the testimony given as to. the plaintiff's admissions was true. Concededly the evidence was not competent on the issue of the defendant's negligence, and we do not think it had any legiti- mate bearing on the particular head pointed out. It was not for the police officers to pass upon the question of who was to blame. It was a proper subject for judicial action.

None of the other questions presented seem to require special mention. We think the judgment is right, and should be affirmed, with costs. All concur.