### SWAN v. KEOUGH.

(Supreme Court, Appellate Division, Third Department.   November 16, 1898.)

REVERSIBLE ERROR—MISCONDUCT OF COURT—REMARKS TO COUNSEL—INSTRUC-
    TION.
    A remark of a court to counsel, in ruling on a question raised, that "I
    mean to throw this action out of court the first opportunity," is reversible
    error, and this though he charged the jury not to pay any attention to
    what he had said to counsel, since the charge did not neutralize the effect
    of the remark.

Appeal from Sullivan county court.

Action by Alden I. Swan against Edward Keough. There was a
judgment for defendant, and plaintiff appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-
NAM, and MERWIN, JJ.

Alpheus Potts, for appellant.
D. S. Hill, for respondent.

LANDON, J. The complaint in the justice's court alleged that
the defendant wrongfully entered upon the plaintiff's premises in
January, 1896, and removed therefrom and converted to his own use
a quantity of ice, of the property of the plaintiff, of the value of $60.
The defendant answered by a general denial, and did not "set forth
in his answer facts showing that title to real property will come in·
question." Code Civ. Proc. § 2951. The learned county judge sub-
mitted the case to the jury upon the evidence, and instructed them
that, if the plaintiff had shown himself in possession of the locus in
quo, he was entitled to recover; otherwise he was not. During the
trial the plaintiff offered in evidence the record of a judgment in a
former action between the grantor of the plaintiff and this defend-
ant, wherein the plaintiff's grantor had recovered for a like tres-
pass. This was objected to as incompetent and immaterial, and the
objection sustained; the court remarking, upon making the ruling,
"I mean to throw this action out of court the first opportunity." The
plaintiff's counsel excepted severally to the ruling and the accompany-
ing remark. It probably did not sufficiently appear that the former
judgment was upon substantially the same issues as were here in-
volved, and therefore it was not error to exclude it; but the remark

of the court, in the presence of the jury, was improper to a degree constituting error. The court in charging the jury said that they must not pay any attention to what he had said to counsel, possibly meaning the remark excepted to. We do not think that this instruction to the jury neutralized the effect of the remark. In view of the case made by the plaintiff upon the merits, it is not improbable that this remark caused his defeat. He was entitled to a fair trial, and we do not think he had it.

Judgment reversed, and new trial granted in the Sullivan county court, costs to abide the event. All concur.