(37 App. Div. 327.)

PEOPLE v. HILL.

(Supreme Court, Appellate Division. Fourth Department. February 3, 1899.)

1. CRIMINAL LAW — PERJURY — COURT'S PREJUDICIAL REMARKS—PROVINCE OF JURY.

On an indictment for perjury, counsel for the state, in cross-examining defendant, demanded a direct answer to a question which defendant evaded, whereupon the court directed him to "answer the question, and stop quibbling." *Held*, that the court's remark amounted to a statement that it believed the witness was evading the truth, and was an invasion of the province of the jury.

2. SAME—INSTRUCTION—ERROR CURED.

Nor was the error cured by the court's general instruction directing the jury to determine all questions of fact, regardless of the opinion of the court or of counsel, not specially directed to the expression complained of.

3. SAME—ERROR WITHOUT PREJUDICE.

Where the evidence of defendant's guilt was slight, and a verdict of not guilty would have been justified, it cannot be said that an erroneous remark of the court, calculated to discredit defendant's testimony, was without prejudice, and did not influence the jury against him.

Appeal from Livingston county court.

Harlin H. Hill was convicted of perjury, and he appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, McLENNAN, and SPRING, JJ.

William Carter, for appellant.

Charles D. Newton, for the People.

SPRING, J.  The defendant was a witness in his own behalf, and was subjected to a searching cross-examination.  During its progress, the counsel for the people presented to the witness a paper purporting to bear the signature of the sheriff of the county by defendant as his deputy, and inquired of him as to the genuineness of this signature.  He apparently evaded replying to the question, and was prodded quite sharply by the counsel.  Towards the close of the protracted colloquy the following occurred:  "Q. I want you to swear whether that is your writing on that paper, or whether it is not.  A. I couldn't say.  I couldn't swear positively as to that. Q. I desire an answer to my question, without further quibbling. By the Court:  Yes, answer the question, and stop quibbling.  (Mr. Carter, defendant's counsel, excepted to the use of the word 'quibbling' by the court.)"  While the apparently persistent evasion by the witness was doubtless exasperating to the trial judge, and the stinging force of the remark was not weighed by him in the hurry of the trial, yet, in this characterization of the conduct of the defendant, he trenched upon the province of the jury.  It was for that body to pass upon the credibility of the witness, not for the court.  This statement was tantamount to saying the trial judge believed the witness evaded telling the truth.  The counsel, in the heat of the cross-examination, had so characterized the defendant's failure to testify definitely as to the genuineness of the signature submitted to him, and the interjected statement of the court pointedly supported this characterization.  The court put the weight of his impression before the jury into the contest against the defendant.  The fact that the defendant was on trial for perjury gave an especial sting to the remark.  The courts have been prompt to condemn any action of a trial judge calculated to excite prejudice in the minds of the jury against any party or witness.  In Davison v. Herring, 24 App. Div. 402, 48 N. Y. Supp. 760, while the plaintiff was testifying, a newspaper article was offered in evidence, and the court said:  "I will receive it, but,  *  *  *  if the grand jury was in session, I should order this case before the grand jury."  Later on the court again stated the case ought to be investigated by the grand jury.  This court reversed the judgment in favor of plaintiff on the ground that these expressions of the trial judge were calculated to arouse hostility in the minds of the jurors against the defendant.  See, also, People v. Corey, 157 N. Y. 332, 51 N. E. 1024; Bowman v. State (Neb.) 28 N. W. 1;  People v. Brow, 90 Hun, 509–512, 35 N. Y. Supp. 1009;  People v. Webster, 59 Hun, 398, 13 N. Y. Supp. 414;  State v. Coella, 3 Wash. 99–119 et seq., 28 Pac. 28; Wheeler v. Wallace, 53 Mich. 355, 19 N. W. 33;  1 Thomp. Trials, §§ 218, 219.  As was said by Judge Putnam in People v. Brow, 90 Hun, 512, 35 N. Y. Supp. 1011:  "A party to an action is entitled to a determination of the jury on the question of the credibility of witnesses uninfluenced by the opinion of the court."  It is urged by the counsel for the respondent that whatever vice entered into this expression was cured by the subsequent charge of the judge instructing the jury they were to determine the questions of fact regardless of the opinion of the court or of the counsel thereon.  This did not

specifically direct the attention of the jurors to the expression of the court, but was the general instruction to the jury provided by section 420 of the Code of Criminal Procedure. In any event, if the judge sought to efface from the minds of the jury an impression made by this characterization of the conduct of the defendant, he should have acted promptly, and by explicit caution to the jury to disregard the remark made. Nor can we say this expression had no effect upon the jurors. The case at best was a close one, and a verdict for the defendant would have been amply justified by the evidence. There was an apparent lack of motive for the defendant to make any agreement by which he was to pay one-third of the expenses incurred in defending the levy made by virtue of the execution which he held as deputy sheriff. His fees would be a bagatelle. His interest in sustaining the validity of the levy was merely perfunctory,—simply that of an official intrusted with an execution against property. In view, therefore, of the fact that the guilt of the defendant was not established by any great preponderance of the testimony, it may well be claimed that the interjected expression of the court may have influenced the jury against the defendant.

The judgment of conviction is reversed, and a new trial ordered. All concur.

(37 App. Div. 553.)

WAMSLEY v. ATLAS S. S. CO., Limited.

(Supreme Court, Appellate Division, First Department. February 24, 1899.)

CARRIERS OF GOODS—CONVERSION—EVIDENCE—PROVINCE OF JURY.

Freight packed in a brandy case could not be found after an inspection of "those parts of the ship where such things were likely to be." The carrier promised to look further, and, finally, after repeated inquiries by the owner, announced that the box could not be found. Pending an action for conversion, however, it was found in a locker in the forepeak of the ship. There was nothing to show how it got there, except testimony of the chief officer, who said that on some voyage, but whether on the one in suit he could not be certain, he had had some whisky cases containing signals moved to the locker. Why the locker had not been searched for the freight was not shown. *Held,* that the question whether the carrier was guilty of conversion was for the jury.

Appeal from trial term, New York county.