cause of action did not state facts sufficient to constitute a cause of action, and that the demurrer should have been sustained.

The judgment must, therefore, be reversed, with costs to the appellant, and the demurrer sustained, with costs, with leave to the respondent to amend the complaint upon payment of such costs. All concur.

## SEIPP v. DRY-DOCK, E. B. & B. R. CO.

(Supreme Court, Appellate Division, First Department. December 8, 1899.)

1. STREET RAILWAYS—COLLISION—EVIDENCE.
   Admission of evidence that the driver of a street car, claimed to have run into plaintiff's wagon, was arrested therefor, is prejudicial error.

2. SAME—DECLARATION
   Declaration of the driver of a street car to the officer arresting him, on a trip subsequent to that on which it was claimed he ran into plaintiff's wagon, that he was the man he was looking for, from which it could be inferred that he deemed himself at fault, and was seeking to make a voluntary surrender, is inadmissible.

3. SAME.
   Declaration of the conductor of a street car, claimed to have run into plaintiff's wagon, that the car driver was at fault, is inadmissible in chief, being no part of the res gestæ, or to contradict the conductor, his attention not being called to it on his cross-examination.

4. SAME.
   A witness for plaintiff cannot testify that a witness for defendant, who was at the place where it was claimed defendant's street car ran into plaintiff, said he would, if called on, be willing to be a witness for plaintiff.

Appeal from trial term, New York county.

Action by Frances Seipp, administratrix of Frederick Seipp, deceased, against the Dry-Dock, East Broadway & Battery Railroad Company. From a judgment on a verdict for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Herbert R. Limburger, for appellant.
Herman Gottlieb, for respondent.

BARRETT, J. This is an action to recover damages for the death of one Frederick Seipp, caused, as alleged, by the defendant's negligence. The claim is that on the morning of the 15th of June, 1898, while Seipp was standing on the rear footboard of an ice wagon, which was crossing Grand street at the intersection of Forsyth, one of the defendant's cars negligently struck the ice wagon, throwing Seipp off, and causing the injuries from which he died. The defendant's claim is that the car never struck the ice wagon, and that the accident was caused by the latter's jolting against the tracks of the Second Avenue Railroad Company. These tracks were superimposed upon the defendant's tracks at the crossing in question, and projected some $2\frac{1}{2}$ inches above them. No further facts need be stated. There was conflicting evidence upon the respective contentions pointed out, and we have stated enough

to show the bearing on these contentions of the rulings questioned by the appellant.

The defendant's contention was supported by the testimony of the driver of its car. In rebuttal, the plaintiff was permitted to prove, under the defendant's objection and exception, that, on this driver's next return trip after the accident, he was arrested by a police officer, and that, upon the arrest, he told this police officer that the latter was the man he wanted. This was clearly erroneous. The fact of the arrest was irrelevant, and its admission was likely to influence the jury adversely to the defendant's contention, especially with regard to the driver's credibility. Luby v. Railroad Co., 17 N. Y. 131; Maisels v. Railroad Co., 16 App. Div. 391, 45 N. Y. Supp. 4. Then, the declaration of the driver, made on a subsequent trip,—a declaration from which the jury might fairly have inferred that he deemed himself at fault, and was looking for the policeman to make a voluntary surrender,—was equally inadmissible. The authorities are all one way on this point. Whitaker v. Railroad Co., 51 N. Y. 295; Anderson v. Railroad Co., 54 N. Y. 334; Waldele v. Railroad Co., 95 N. Y. 274. The defendant attempted to mitigate the effect of this evidence by showing that it was the rule to arrest the driver in every such case, but it was not permitted to show this.

It was also error to permit Hills, the driver of the ice wagon, to testify that the conductor of the car told him that the driver was at fault. This was inadmissible as evidence in chief, as it was not part of the res gestæ; and it was equally inadmissible to contradict the conductor, for the reason that the latter's attention was not called to it upon cross-examination. It is true that, upon cross-examination, he denied telling Hills that it was his own fault, but he neither affirmed nor denied that he charged the fault upon the driver.

Another error was committed upon the examination of one Grauer in rebuttal. He was allowed to testify, under objection and exception, that Fay, the driver of the Second avenue car, who was in the neighborhood at the time of the accident, and who testified on behalf of the defendant, told him (Grauer) that he (Fay) would be willing to be a witness for the injured man if he was called upon. This was entirely collateral, and the plaintiff was bound by the answers on that head given by Fay upon cross-examination. There were other errors of a similar character. We need not go over them in detail, as they are not likely, in view of what we have said, to be repeated upon another trial. It is clear that the defendant was prejudiced by these rulings, and that they necessitate a new trial.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.