(58 App. Div. 172.)

## STIASNY v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. February 15, 1901.)

1. STREET RAILWAYS—INJURIES—CHARGE—FAILURE TO EXCEPT—PREJUDICE OF JURY—REVIEW.

Where the court charged that the jury might determine whether plaintiff's husband was injured by the wrongful starting of defendant's car after it had stopped, and whether there would have been an outcry on the part of plaintiff, who was with her husband, against the motorman, for his action, and whether it would not have been natural for her to have made such an outcry, and an appeal was taken from an order denying a new trial on the minutes, the contention that error in the charge should be reviewed, notwithstanding no exception was taken to it at the trial, because it amounted to a misdirection by the judge, and raised a presumption that a verdict for defendant was the result of such misdirection, cannot be sustained, since the charge was not so serious as to justify the conclusion that the jury were controlled by it, and hence timely exception was necessary to warrant a review.

2. STOPPING CAR—ORDINANCES—ADMISSIBILITY.

Where plaintiff contended that the car stopped on the crossing, and defendant that it passed over before stopping, ordinances and police regulations forbidding cars to be stopped on the crossing were admissible to show the greater probability of defendant's contention.

3. PHOTOGRAPH—ADMISSIBILITY—IDENTIFICATION.

Where a photograph offered in evidence was identified by plaintiff as a correct likeness of her husband, it was error to exclude it because not identified by the photographer, since identification by any one familiar with a person's photograph was sufficient to establish a foundation for its admission.

4. SAME—FOUNDATION FOR ADMISSION—SHOWING TO WITNESSES—NECESSITY.

Where plaintiff's husband, who was injured on defendant's street railway, became a lunatic, and was not present at a trial for the injury, his photograph was not admissible to show that defendant's witnesses, from their description of the injured person, had not seen the accident, without showing the photograph to the witnesses, and giving them an opportunity to say if it was that of the injured person, since there was no proper foundation for its admission.

5. LUNATIC—COMMITTEE OF PROPERTY—ORDER TO SUE—ADMISSIBILITY—CONTINGENT FEE—EFFECT.

Plaintiff's husband, after receiving an injury on one of defendant's cars, became a lunatic; and plaintiff, as the committee of his property, brought an action for the injury, and was the principal witness against defendant, and an order of court authorizing her to bring the suit was admitted in evidence. Held, that the fact that the order authorized her to employ an attorney for a contingent fee constituted no grounds for reversing the judgment in favor of defendant, since that part of the order was immaterial, and the remainder was competent to show good faith on the part of plaintiff in prosecuting the action.

Rumsey and Hatch, JJ., dissenting.

Appeal from trial term.

Action by Carolina Stiasny, as committee of Albert E. Stiasny, a lunatic, against the Metropolitan Street-Railway Company. From an order denying a new trial, and from a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Franklin Pierce, for appellant.
Charles F. Brown, for respondent.

O'BRIEN, J.  The action was brought to recover for personal injuries alleged to have been sustained by Albert E. Stiasny through the negligence of defendant's servants in starting a Madison avenue car on June 24, 1898, while he and his wife were alighting therefrom at Seventy-Eighth street.  The wife, Carolina Stiasny, testified that the car came to a perfect standstill on the corner of Seventy-Eighth street, and her husband stood on the step and turned and offered her his hand, and the car started, throwing him violently to the pavement.  Upon the issues presented by conflicting evidence as to the manner in which the accident occurred, the jury found, in answer to specific questions, against the plaintiff.  A motion was then made upon the minutes of the judge to set aside the verdict and grant a new trial upon the exceptions taken, and because the verdict was contrary to the evidence and the law, which motion was denied.  From the judgment entered, and the denial of the motion for a new trial, this appeal is taken.  The record does not contain all the evidence; but the questions sought to be reviewed are presented in the form of a bill of exceptions relating to rulings on evidence, and to error assigned in the charge of the court to the jury.  The latter was the statement made by the judge that the jury might determine "whether, if the husband had been thrown upon the pavement by the unexpected and wrongful starting of the car after it had stopped and before they had alighted, whether there would have been any outcry upon her part, or the part of any one, against the motorman, for his action, quick and prompt at the time being,— whether it would have been natural for fault to have been found immediately with his action."  No exception was taken to this statement, and the question sought to be raised is not, therefore, before us for review.

The cases relied upon by the appellant to support the contention that upon a motion for a new trial, regardless of exceptions, a statement such as was made in the present case by the judge in his charge is before the court for examination on appeal, are clearly distinguishable.  In Davidson v. Herring, 24 App. Div. 402, 48 N. Y. Supp. 760, it was held, as stated in the headnote, that:

"Where an appeal is taken from an order denying a motion for a new trial, as well as from the judgment, the appellate division may set aside a verdict which upon due examination appears to have been influenced by passion or prejudice."

And it was therein said:

"A verdict improperly influenced by a misdirection of the judge or by prejudicial statements will be set aside upon motion upon a case-made, although no exception has been taken at the time of the trial."

The remarks here complained of, however, contain no misdirection by the judge; nor does it here appear that the jury, in their verdict, were affected by passion or prejudice; nor was the statement made so serious as to justify the conclusion that the jury were either controlled or greatly influenced by it in their determination.  Had the attention of the court been called to it, no doubt it would have been corrected; and, if not, the duty of counsel would then have

been to except, and thus bring up the question on appeal. In People v. Hill, 37 App. Div. 327, 56 N. Y. Supp. 282, relied upon by appellant, the judge during the trial referred to the defendant as "quibbling" in his testimony. That, however, was a criminal action, and it is specially provided by statute that errors affecting substantial rights may be reviewed regardless of exceptions. Code Cr. Proc. § 542.

The exception taken to the introduction of the ordinances and police regulations relating to the place for stopping cars and vehicles at crossings and intersecting streets is not tenable, in view of the decision in Maisels v. Railroad Co., 16 App. Div. 391, 45 N. Y. Supp. 4.

The next exception is to the ruling of the court in rejecting a photograph of Albert B. Stiasny. The plaintiff sought by cross-examination of two of the defendant's witnesses to show that they neither saw the accident nor were upon the car at the time it occurred, and in that connection the witnesses were asked to describe Mr. Stiasny, who was the person injured. Thereafter, for the purpose of contradicting the descriptions given by the witnesses, the photograph was offered in evidence, and, though identified by Carolina Stiasny, was excluded by the court upon the ground that proper foundation was not laid, because the photographer was not called. The reason thus given for excluding the photograph was erroneous, because foundation could be laid for its introduction by any one who could testify that it was a correct likeness. For the purposes for which the photograph was sought to be admitted, however, namely, to contradict the defendant's witnesses, it was not competent as independent evidence; and before it was offered the counsel should have shown it to the witnesses, and given them an opportunity to say whether or not the photograph was that of the person whom they stated they saw injured. This not having been done, the photograph was properly excluded.

There remains to be considered the exception to the introduction in evidence of the order authorizing the plaintiff to prosecute this action. It was admitted by the learned trial judge upon the question of the good faith of the plaintiff in prosecuting the action, although he couples that admission with the observation:

"I do not hold that there is the slightest evidence of bad faith; but I allow any of her acts and steps in the course of this proceeding, so that the jury may have the whole question of motive and of good faith, as well as the facts tending to show how the accident occurred."

The plaintiff sued as a committee of a lunatic in whom the cause of action had vested, and she was the principal witness to prove the negligence of the defendant. She was the wife of the person injured, was interested in the recovery, and her interest in the controversy was a material element for the jury to consider in weighing her testimony. Upon her petition she had been authorized to prosecute the action, and it was certainly competent for the court to admit evidence of any act of hers in relation to the prosecution of the action which would enable the jury to judge of the weight to be given to her testimony. The fact that in this order there was a

provision authorizing the plaintiff to make a contract with a lawyer, by which his compensation was to be a contingent fee of one-fourth the amount of any verdict recovered, would not make the order incompetent, because apart from such recital the order itself was some evidence of the interest taken in the prosecution of the action by the principal witness upon whose testimony the right to recover depended. Evidence that the attorney prosecuting the action was acting under a contract for a contingent fee is immaterial, and it would not have been error for the trial judge to have rejected such evidence. This is all that the case of Sussdorff v. Schmidt, 55 N. Y. 319, cited by the appellant, holds. But in no case has it been held that because such testimony was admitted upon the trial the judgment should be reversed. There was no request here to charge the jury that they were not to consider the fact that the plaintiff's attorney was acting under a contingent fee, as bearing upon the plaintiff's right to recover. The order, so far as appears, was not admitted to show that fact, nor did the admission of the order prove it. The fact that the committee of the lunatic was the plaintiff in the action, and had procured the order authorizing her to commence the action to recover, and then offered herself as the principal witness to justify a recovery, was competent evidence to show the interest of this witness in the prosecution of the action, as a fact bearing upon the weight that the jury should give to her testimony. The case was submitted to the jury in a charge eminently fair, and which presented with care the questions that were to be considered by the jury; and the jury specifically found that the car did not stop before Stiasny fell, and that Stiasny did not fall in consequence of the car stopping and starting up again. These facts exonerated the defendant from the charge of negligence, and upon that question this order could have no possible bearing.

We think, therefore, that no error was committed which would justify us in reversing a judgment in a case fairly tried and carefully submitted to the jury, and in which no claim is made that the verdict is not sustained by the evidence. The judgment, accordingly, should be affirmed, with costs.

VAN BRUNT, P. J., and INGRAHAM, J., concur.

RUMSEY, J. I regret that I cannot concur in the decision of the court in this case. It is presented to us upon a bill of exceptions, and we cannot examine the facts, because we have not the evidence upon which the verdict was based; and therefore we cannot say whether there was sufficient evidence to support it, so that it was not caused in some degree, at least, by illegal evidence, if there was any. The only questions presented are those arising upon the exceptions, and are purely questions of law.

It appeared that after the injury had been received by the plaintiff he became a lunatic, and his wife, Carolina Stiasny, was appointed a committee of his personal estate. She made an application to the county judge of the county of Delaware, of which she and her husband were residents, for leave to bring an action to recover for

the injuries which, as she claimed, resulted in his insanity, and the order was granted. . It was no part of the cause of action, and it was not in any respect material to any of the questions presented upon this trial, but it contained a provision authorizing her to enter into an agreement with an attorney and counselor at law residing in this city to prosecute the action upon a contingent fee of one-quarter of the amount recovered. When Mrs. Stiasny was upon the stand this order was offered and received in evidence against the objection and exception of the plaintiff's counsel. It was conceded that the order was not material upon the merits, but it was received by the learned justice as bearing upon the question of the good faith with which this action was brought. This was stated in the hearing of the jury. There was nothing in it which tended in the slightest degree to contradict the testimony of Mrs. Stiasny. Her attention was not called to it, and it was offered, and could have been offered, for no other purpose than that stated by the defendant's counsel, namely, as bearing upon the question of good faith in which the action was brought; and, received as it was for that purpose, the jury were justified, of course, in considering it as bearing upon that point, and in giving weight to it, if they saw fit to do so, and, necessarily, if they decided that the action was not brought in good faith, in using that fact as bearing upon the merits of the case. The question of the good faith of the committee was one which was absolutely immaterial to the case. The only question for the jury to consider in deciding the case was the negligence of the defendant and the contributory negligence of Dr. Stiasny. When these questions were passed upon, so far as the jury were concerned, the case was at an end, unless they found that the plaintiff was entitled to recover, in which case they had to fix the amount of the damages; and therefore the order was absolutely immaterial, as bearing upon any question presented by the merits. That being the case, it is the well-settled rule in this state that, unless the court can say that the improper evidence does not bear in the slightest degree upon the result, the admission of such evidence necessarily requires the reversal of the judgment. Baird v. Gillett, 47 N. Y. 186; Anderson v. Railroad Co., 54 N. Y. 334. In the case last cited it was said that any illegal evidence received under objection, having a tendency to arouse the prejudices or warp or influence the judgment of the jurors in any degree, cannot be considered harmless, and the error disregarded upon the appeal. This evidence could have been introduced for no other purpose than to warp the judgment and arouse the prejudices of the jury by enabling the counsel for the defendant to argue to them that the attorney for the plaintiff had brought this action upon an agreement for a contingent fee, which every one familiar with trials by jury knows is a matter not at all unlikely to affect the determination of a jury, and which, if possible, is referred to for that purpose. Undoubtedly the evidence was irrelevant upon the issues, but it was not irrelevant upon the case if it operated, as it was undoubtedly the purpose that it should operate, to affect the prejudice of the jury. For that reason it

seems to me that the admission of this evidence was error, and therefore I cannot concur in the judgment of the majority of the court.

HATCH, J., concurs.