QUIGLEY, Respondent, v. METROPOLITAN ST. RY. CO., Appellant. (City Court of New York, General Term. June, 1902.) Action by George Quigley, an infant, by Lizzie Quigley, his guardian ad litem, against the Metropolitan Street Railway Company. Henry A. Robinson (Theodore H. Lord and Addison C. Ormsbee, of counsel), for appellant. David M. Neuberger, for respondent.

SEABURY, J. This action was brought by an infant, through his guardian ad litem, to recover damages for injuries sustained through the alleged negligence of the defendant. The evidence warranted the submission of the case to the jury. The defendant, however, assails the verdict upon the unusual ground that it was denied a fair trial by reason of the conduct of the trial justice. A careful examination of the record convinces us that the learned justice before whom this case was tried exceeded that limit beyond which a trial justice cannot go without prejudicing the rights of a party to the action. While there can be no question that this action was not intended by the learned justice to have this effect, it is equally clear that his action must have been exceedingly prejudicial to the defendant. The trial justice, throughout the whole case, especially during the cross-examination of the defendant's witnesses, assumed the functions of the plaintiff's attorney in interrogating the witnesses. The extended examination of the witnesses by the court was continued against the objection and over the exception of counsel for the defendant. Many of the questions put to the witnesses were leading in form and incompetent in their nature, and were of such a character that, if they had been asked by counsel for the plaintiff, would have been clearly objectionable. The invariable tendency of the questions asked by the justice was to elucidate the facts of the plaintiff's case in a manner most favorable to the plaintiff. In view of these circumstances, we think the case comes clearly within the rule laid down in Bolte v. Railroad Co., 38 App. Div. 234, 56 N. Y. Supp. 1038, where the appellate division reversed the judgment solely because of a similar attitude assumed by the trial justice. But, if any doubt exists as to the necessity for a reversal of the judgment in this case upon the grounds stated, that doubt is removed by a review of the subsequent proceedings. The following extract from the record shows what transpired at the trial: "Defendant's counsel proceeds to sum up to the jury, and in the course of his address stated to the jury that the Metropolitan Street Railway Company should not be upbraided by plaintiff for bringing its proposed witnesses to its office, inasmuch as there was no other way of keeping track of them or of keeping them together, instead of having those witnesses hanging around these court rooms, and that when the jury would come to consider that the company had every day in these courts fully 200 or 300 witnesses, there was nothing improper in the company bringing them to its office. The Court: We will put upon the record that in this city court there are five parts. The counsel says that fully 200 or 300 witnesses would be required to come here every day. The court instructs the jury that that is not the fact. De-

fendant's Counsel: And the defendant objects to the court's statement. The Court: Come around here now, and I will put you under oath. Defendant's Counsel: I object to being put under oath. The testimony in the case has been closed. The Court: I require you to be sworn because of your statement to the jury. J. D. Romain Baldwin, sworn: By the Court: Q. Mention one occasion when you know of 200 witnesses being called upon to appear in the five parts of this court. A. I was told by one of our inspectors. Q. Answer my question of your own knowledge. A. I can't. Q. How long have you been with this road? A. About three or four years. Q. State to this jury a single occasion when 100 witnesses were called on the part of your company in all five parts of this court. A. I never made such a statement." The action of counsel for the defendant in traveling outside of the record and making statements as to which no evidence had been offered, and as to which evidence would have been incompetent and irrelevant, and which statements were in fact untrue, cannot be justified. If, when counsel made these remarks, the trial justice had checked him, and declined to permit him to proceed further along the same line, and instructed the jury to disregard the improper remarks which he had made, no valid objection could have been taken, and such action would have been sufficient to fully protect the rights of the plaintiff. But when the court interrupted the summing up of counsel, and compelled him, against his protest and objection, to take the witness stand and be sworn, and testify of his own knowledge as to the unwarranted statements which he had made in the course of his summing up, we think the learned justice erred in a manner which may have been prejudicial to the defendant. The attitude of the court was well calculated to bring the attorney in contempt before the jury, and to prejudice them, not only against him, but against the interests of his clients. The court is clothed with ample authority to prevent counsel from going outside of the record in their address to the jury, and courts should not hesitate to vigorously exercise the power thus conferred upon them to prevent this great abuse of the rights of counsel and pernicious method of trespassing upon the rights of a party to the suit. The methods adopted in this case were not the proper methods of accomplishing this result, and, in our judgment, present ground for the reversal of this judgment. Justice requires that this case be submitted to another jury, who may pass upon the questions at issue, free from those circumstances which surrounded the present case when it was submitted to the jury. The judgment is reversed and a new trial ordered, with costs to abide the event.

CONLAN, J., concurs.