ANNIE DEUTSCHMANN, Respondent, *v.* THIRD AVENUE RAILROAD COMPANY, Appellant.

*Evidence — collateral matters — a witness who on cross-examination by the plaintiff's counsel denies that he told the plaintiff that the defendant had offered him money to testify against her cannot be contradicted by the plaintiff.*

Upon the trial of an action for personal injuries sustained by the plaintiff through the alleged negligence of the defendant, the defendant produced as a witness a physician who had attended the plaintiff prior to the accident. Upon his cross-examination, the witness, in reply to a question asked by the plaintiff's counsel, testified that he did not say to the plaintiff that a representative of the defendant had offered him money to testify against the plaintiff. This matter had not been alluded to upon the direct examination of the witness.

*Held,* that it was error for the court, over the objection and exception of the defendant, to allow the plaintiff, when called in rebuttal, to testify that the physician had made the statement in question;

That, as the question addressed to the physician on his cross-examination related to a collateral matter which had not been brought out upon his direct examination, the plaintiff's counsel was bound by the answer given by the witness and could not impeach him.

PATTERSON and O'BRIEN, JJ., dissented.

APPEAL by the defendant, the Third Avenue Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 4th day of March, 1902, upon the verdict of a jury for $8,500, and also from an order entered in said clerk's office on the 13th day of March, 1902, denying the defendant's motion for a new trial made upon the minutes.

*Charles F. Brown,* for the appellant.

*Thomas P. Wickes,* for the respondent.

McLAUGHLIN, J.:

This is an action to recover damages for personal injuries on the ground of defendant's negligence. The testimony on the part of the plaintiff's witnesses tended to show that she was seriously injured by the sudden starting of one of the defendant's cars while she was attempting to board the same; while that on the part of

the defendant's witnesses was to the effect that the plaintiff was not injured in the manner claimed by her, and that she never attempted to board the car at all. There was thus presented a sharp conflict in the testimony, and the trial court could not do otherwise than submit the case to the jury for its determination.

During the course of the trial the defendant produced as a witness Dr. Parslow, a physician who had, prior to the plaintiff's alleged injury, attended her in a professional capacity. Upon direct examination he was permitted to state that he knew the plaintiff during the year 1898; that he had seen her at her house and at his office several times, and had treated her during that time. He was then asked a series of questions as to the plaintiff's condition at the time he treated her, to all of which the plaintiff's counsel objected, and the objections were sustained. This constituted all the testimony which he was permitted to give on direct examination. On cross-examination the plaintiff's counsel was permitted to examine him at length as to various matters, and in answer to some of the questions put to him, he said : " I did not say some one from the railroad company came up here and wanted to pay me some money to go down and testify against you but I would not go. I did not say any such thing, not in words or substance. It would not be true. * * * I didn't say in words or substance, to her, at that time, that the railroad company had offered me money to testify against her. I did not have any conversation with her at all at that time about some one from the railroad company having come to me and asking me about her and my alleged treatment of her." In rebuttal the plaintiff was recalled and asked the following question with reference to Dr. Parslow : " Q. Did he tell you that time that people from the company or some one from the company had offered him money to testify against you ? " This was duly objected to, the objection overruled and an exception taken, and the witness answered, " Yes."

We are of the opinion that the exception was well taken. The only purpose of this question was to create prejudice in the minds of the jury against the defendant. It did not throw any light upon the issues involved. The only testimony upon that subject was what was called out by the plaintiff's counsel on cross-examination. It was a collateral matter, and the plaintiff's counsel was bound by the

answer given by the witness. The rule is well settled that where, upon cross-examination, a party calls from an opposing witness matters not brought out on his direct examination, he makes the witness to that extent his own, and as to such new matters he cannot contradict him in regard to it, since the effect would be to permit one to impeach his own witness. (*Kay* v. *Metropolitan St. Ry. Co.*, 163 N. Y. 447; *Sherman* v. *D., L. & W. R. R. Co.*, 106 id. 542; *Furst* v. *Second Ave. R. R. Co.*, 72 id. 542; *Stokes* v. *People*, 53 id. 164; *Seipp* v. *Dry Dock, E. B. & B. R. R. Co.*, 45 App. Div. 489.)

In *Kay* v. *Metropolitan St. Ry. Co.* (*supra*) the question was quite similar to the one here under consideration. There the defendant's conductor was asked, on cross-examination, the following question: "Did you not tell Mrs. Shech that you reported that the car was in no fit condition to be out, and you reported it to the office before you left, and leave your name and address with her, and tell her that you would come when she wanted you, and that you were obliged to jump from the car, and that was the only thing you could do?" The question was answered in the negative, and subsequently the plaintiff's counsel recalled Mrs. Shech and she testified, over the objection of the defendant, that she did have a conversation with the conductor at her house after the accident, in which he stated to her the facts suggested in the question quoted. The Court of Appeals held that the testimony of Mrs. Shech was incompetent and could not be used to impeach the testimony of the conductor given on the cross-examination.

In *Furst* v. *Second Ave. R. R. Co.* (*supra*) the conductor of the defendant's car, on his direct examination, was not asked, and he did not testify, with respect to the conduct of the driver of the car at the time the accident took place, but on his cross-examination plaintiff's counsel was permitted, against the objection and exception of the defendant, to ask if he had not stated, prior to the trial, to certain persons named, that if the driver of the car had only looked he would have seen the child and not have run over it. The conductor denied making such statements. The plaintiff was then permitted to prove by other witnesses that the conductor had made such statements. This was held to be error, and for the reason that the statements of the conductor sought to be contradicted had been

brought out by the plaintiff on cross-examination, and, therefore, could not be contradicted.

And in *Seipp* v. *Dry Dock, E. B. & B. R. R. Co.* (*supra*) the driver of the defendant's car denied, on cross-examination, that he had stated to persons named that he was willing to be a witness for the plaintiff. The plaintiff was allowed, in rebuttal, to offer proof that the driver had made such statements, and on appeal this court held that the court erred in admitting this proof; that it was a collateral matter, and the plaintiff was bound by the answers given by the driver on cross-examination.

Under the principle laid down in these cases and others that might be cited to the same effect, the testimony objected to should have been excluded. The testimony of Dr. Parslow, which the plaintiff was permitted to contradict, was, as already said, brought out by the plaintiff on cross-examination. It had no reference whatever to the testimony given by the doctor on his direct examination. There all he was permitted to state was that he knew the plaintiff and had, during the year 1898, treated her. Other questions put to him were excluded upon plaintiff's objection.

Nor does the recent case of *Nowack* v. *Metropolitan St. Ry. Co.* (166 N. Y. 433) militate against this rule. There the court held that it was proper to prove that a person shown to be in the employ of, or connected with, the defendant had offered money to a witness to induce him to testify against the plaintiff. This testimony was properly admitted, inasmuch as it tended to establish the act and conduct of the defendant and bore upon its good faith in defending the action. But in the case at bar, Dr. Parslow, at the time the statements were alleged to have been made, was not an agent of the defendant, nor was he connected with it in any way, nor did such statements, if made, bind the defendant in any respect.

We are also of the opinion that the court erred in admitting certain rules of the defendant company in evidence for the purpose of establishing a cause of action. The negligence of the defendant, if it were negligent at all, consisted in the sudden starting of the car while plaintiff was attempting to, and was in the act of boarding it. The rules, which were admitted against defendant's objection, had no bearing whatever upon this question, and should have been excluded. The only purpose they could serve would be to confuse

the jury by diverting its attention from the real issue involved. No claim was made that sufficient rules had not been adopted for the protection of passengers while getting onto the car, but on the contrary that a very stringent rule had been adopted which the conductor at the time in question violated. This, however, did not show, or tend to show, that the defendant had violated any duty which it owed to the plaintiff.

The judgment and order appealed from, therefore, must be reversed and a new trial ordered, with costs to the appellant to abide the event.

Van Brunt, P. J., and Laughlin, J., concurred; Patterson and O'Brien, JJ., dissented.

Patterson, J. (dissenting):

We dissent. The admission in evidence of the rules of the company, if technically erroneous, was harmless. Concerning the ruling as to the testimony of Dr. Parslow, it is apparent that the plaintiff intended to show that he was a hostile witness; that he had himself stated that the defendant had offered him money to testify in its behalf and against his own patient, and his appearance as a witness for the defendant justified an inquiry into his relations with the company, for he had been the plaintiff's attending physician. Such an inquiry is not into collateral matter. (*Gumby* v. *Metropolitan St. Ry. Co.*, 65 App. Div. 41; *Schultz* v. *Third Ave. R. R. Co.*, 89 N. Y. 249, 250.) Where a witness on cross-examination denies hostility or bias or prejudice he may be contradicted by other witnesses. (1 Greenl. Ev. [15th ed] § 450.)

O'Brien, J., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.