torney an additional sum of $100 within a specified time, and if that condition is not complied with, then the motion for a substitution is denied.

The motion for a substitution should have been granted unconditionally. The attorney had already received an allowance from the court, which was deemed sufficient at the time it was made as a counsel fee pendente .lite. But irrespective of any question of the value of his services, the attorney, in the attitude he took to his client, is not entitled, under the circumstances appearing here, to any further compensation. He expressly notified her that for reasons which were satisfactory to himself the relation of attorney and client between them must cease. Thereupon she, as she had the right to do, sought the assistance of other lawyers, and in so doing merely acted upon a situation which the attorney had himself created. He thus abandoned the plaintiff's case. His employment was an entire one, and where an attorney, without justifiable cause, abandons the service for which he was employed, he cannot recover compensation. Bathgate v. Haskin, 59 N. Y. 533–535. Here justifiable reason for abandoning the case was not shown by proof made by the attorney or otherwise.

The order appealed from should be modified by striking out the provision concerning the payment of additional compensation to the attorney, and granting the motion for a substitution, with costs to the plaintiff of this appeal. All concur.

---

### McMAHON v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. October 21, 1904.)

1. ACTIONS—TRIAL—INSTRUCTIONS—MISCONDUCT OF JUDGE.

Where an action for injuries was properly brought in the Supreme Court, a statement by the judge as a part of his charge in submitting the case to the jury that the case ought not to have been brought in the Supreme Court because the injuries were not serious enough to warrant the taking up of the time of such court, but should have been brought either in the Municipal or City Court of the city of New York, because of the congested condition of the Supreme Court calendar, was prejudicial error.

Van Brunt, P. J., and O'Brien, J., dissenting.

Appeal from Trial Term, New York County.

Action by Mary McMahon against Metropolitan Street Railway Company. From a judgment in favor of defendant, and from an order denying plaintiff's motion for a new trial on the minutes, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

D. Milbank, for appellant.
Charles F. Brown, for respondent.

HATCH, J. The plaintiff seeks to recover damages for injuries claimed to have been negligently inflicted by the defendant. The

complaint demands judgment for $2,500. The proof given by the plaintiff upon the trial tended to sustain the averments of the complaint, and, if believed, entitled. her to a verdict at the hands of the jury for such sum as the evidence fairly warranted. It is evident, however, that the injuries were comparatively slight, and the evidence of damage would not have justified the finding of a large amount. We should have no difficulty in affirming the judgment were it not for an error committed by the court in its charge to the jury. In submitting the case, the court said:

"This case ought not to have been brought in this court because the particular injuries complained of are not serious enough to take up the time of the Supreme Court. It ought to have been brought in the Municipal or City Court."

To this charge counsel for the plaintiff excepted, stating as the grounds of his objection:

"That this court is open to all parties, poor and rich alike."

The court replied:

"No, it is not a question of being poor or rich, and you ought not to make such a statement; but the courts of our commonwealth are divided in their jurisdiction in regard to amount. The Municipal Court has jurisdiction to $500, the City Court up to $2,000; and in the multiplicity of actions which are brought in this great city it is the policy of our judiciary that actions for small damages ought not to block the calendars of the Supreme Court when there were two other courts of competent jurisdiction in which they could be brought."

The learned court, in what it said, was undoubtedly prompted thereto on account of the condition of the calendar, where important cases were awaiting trial, which could not be had by reason of the time of the court being taken up with comparatively trivial cases, and such practice the court sought to discourage. However commendable may have been the motive of the court, it cannot answer to cure an error which denied to the plaintiff any part of her legal rights, and it was clearly within her right to bring her action in the Supreme Court. It is not the policy of the judiciary, as stated by the learned court, which governs such situation, but it is the express provisions of law, which all courts are bound to enforce, and by which alone the rights of parties are to be measured. Any policy of judicial action which in any wise limited plaintiff's rights which is not found in the law of the land was neither the policy nor the law which the court or jury had the right to consider in making disposition of the case. That the court substituted what it expressed as the policy of the judiciary in passing upon the plaintiff's rights instead of the law of the land is clear beyond question, and the determination and charge in that respect was erroneous. It was not within the authority of the court to announce to the jury that the case ought not to have been brought in the Supreme Court. That question neither the court nor the jury had any right to consider. Under the law this case was properly brought in the Supreme Court, so far as legal rights are concerned, as much so as it would have been had it involved in its disposition millions of dollars. Manifestly, there can be no admeasurement of rights based

upon amounts involved, where, under the law, parties have the right to invoke the attention and action of the tribunal in which he appears. Courts are not then concerned in making disposition of the matter upon such basis. When properly brought, as this case was, the duty and obligation rest upon the court to dispose of the controversy according to the rules of law applicable thereto. And where the jurisdiction and action of the court have been properly invoked it is manifest error for the court to charge the jury that such action ought not to have been taken. If any wrong is worked to others under such circumstances, it does not lie with the court to correct it, but with the Legislature; and there can be no legal judicial policy applicable to such a situation which does not arise out of principles of law which control the court's action and the rights of the parties. In Allis v. Leonard, 58 N. Y. 288, it was held that expressions of opinion by a court in charging the jury, which are calculated to influence their decision in a matter with which they have authority to deal, will be critically scrutinized, and, in order to uphold it, it must appear that the party was not prejudiced thereby, and that the jury without regard to the opinion expressed were left free to act, and uninfluenced by it. The question has arisen in various forms, and this rule has been uniformly applied. Richardson v. Van Nostrand, 43 Hun, 299; Gilbertson v. 42nd St. R. R. Co., 14 App. Div. 294, 43 N. Y. Supp. 782; Magee v. City of Troy, 48 Hun, 383, 1 N. Y. Supp. 24; Massoth v. Delaware and Hudson Canal Co., 64 N. Y. 524. The charge in the present case was something more than the expression of an opinion. It was a determination by the court expressed to the jury that the particular action ought not to have been brought in that court, and this observation was re-enforced by the comments of the court upon the same subject made after the exception was taken. In fact, it substituted as a consideration for the jury whether or not plaintiff ought to have come into the Supreme Court with her case, and this question was decided against her by the court. In other words, her rights were made to depend upon the trivial character of her claim and the business which confronted the Supreme Court, and to that extent was tantamount to saying that she was not in the proper court with her case. In fact, the court also immediately decided otherwise, as it proceeded to submit the case to the jury. This, however, did not cure the invasion by the court of the plaintiff's rights, for the announcement thus made and stated to the jury could scarcely be otherwise than prejudicial to the plaintiff. That it might have prejudiced her case in the minds of the jury is manifest, and under such circumstances reversible error is committed.

It follows, therefore, that the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except VAN BRUNT, P. J., and O'BRIEN, J., who dissent.