MARY KATZ, Respondent, *v.* BROOKLYN, QUEENS COUNTY &
SUBURBAN RAILROAD COMPANY, Appellant.

(Supreme Court, Appellate Term, May, 1909.)

Witnesses — Credibility, impeachment and corroboration of witnesses —
    Contradiction of witnesses — In general — Matters as to which
    witness may be contradicted — Collateral and irrelevant matters.

>   Where, in an action for personal injuries, a witness for defend-
>   ant, on cross-examination, denies that he told plaintiff's husband
>   that he would be a witness for her for twenty-five dollars, it is
>   error to allow plaintiff's husband to testify, in rebuttal, that the
>   witness said he would be a witness for plaintiff if paid twenty-
>   five dollars; such testimony, if true, would not show hostility to
>   plaintiff, but could only affect the general credibility of the witness.

APPEAL by the defendant from a judgment in favor of the
plaintiff, rendered in the Municipal Court of the city of
New York, second district, borough of Manhattan.

George D. Yeomans (Francis R. Stoddard, of counsel),
for appellant.

Bogart & Bogart, for respondent.

LEHMAN, J.   The plaintiff brought an action for damages
sustained by her through the alleged negligence of the de-
fendant.

The plaintiff had no witness to the accident except her-
self.   The defendant produced several witnesses, including
one Henry Cohen.   Cohen was asked upon cross-examination
whether he did not tell the plaintiff's husband that he would
be a witness for her provided she paid him twenty-five dol-
lars; the witness answered in the negative.   The plaintiff's
husband was, thereupon, allowed to take the stand in rebuttal
and state that the witness had said to him that he would be
a witness for the plaintiff if he paid him twenty-five dollars.

The appellant claims that this conversation should not
have been admitted; that the question was collateral to the
issues and that the plaintiff was, therefore, bound by the

answer which she received from the witness on cross-examination. In the case of Deutschmann v. Third Avenue R. R. Co., 78 App. Div. 413; 87 id. 503, the court held that evidence that a witness for the defendant was offered money by a representative of the defendant to testify was improperly admitted in contradiction of the testimony of the witness on cross-examination that he had not been offered money. On this ground the Appellate Division reversed the judgment. It appears to me that, upon the authority of that case, we are bound to hold that the question in this case goes only to the general credibility of the witness; that, even if the testimony were true, it would not show hostility; and that the judge erred in admitting the testimony.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

GILDERSLEEVE and SEABURY, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.