FRANK et al. v. SUBIN et al.

(Supreme Court, Appellate Term.   December 8, 1910.)

New Trial (§ 27*)—Misconduct of Judge—Abuse of Plaintiff's Counsel.
    Where the trial judge held plaintiffs' counsel up to ridicule before the
    jury, and charged him with misquoting facts, and unwarrantably stated
    that he was guilty of contemptuous behavior, threatening to commit him
    to jail without the option of a fine, and also stating that the case ought
    not to have been brought in that part of the court, because it was not a
    short cause, such remarks were prejudicial to plaintiffs, and entitled
    them to a new trial, though the judge in his charge instructed that plain-
    tiffs were not responsible, and should not be held responsible, for the
    conduct of their attorney during the trial.
    [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 40, 41;  Dec.
    Dig. § 27.*]

Appeal from City Court of New York, Trial Term.

Action by Maurice Frank and others against Moses Subin and an-
other.   From a judgment for defendants, and from an order denying
plaintiffs' motion for a new trial, they appeal.   Reversed and re-
manded.

See, also, 123 N. Y. Supp. 890.

Argued before GUY, PLATZEK, and GAVEGAN, JJ.

Harry L. Herzog (Moses Cowen, of counsel), for appellants.
Isidor Cohn, for respondents.

PLATZEK, J.   The remarks of the court in the presence of the
jury on the trial of this action were unquestionably prejudicial to the
plaintiffs, and were of such a character as to constitute reversible er-
ror.   The plaintiffs' counsel was alert and timely in moving to with-
draw a juror, and the motion, which was denied, should have been
granted.   The attitude of the court toward plaintiffs' attorney was
calculated to embarrass and to bring the attorney into contempt be-
fore the jury, and to prejudice them, not alone against the advocate,
but against the interest of his clients, which he was obliged to defend
and protect.   At one time, when there appeared to be a mere differ-
ence of recollection between the court and counsel as to just when
the trial of the action was commenced, the trial justice said:

"This is in line with other misstatements of fact that you have made to me
about this action in my capacity of a judge of the court.  If it occurs again,
I will commit you, and will see to it that you are incarcerated, for I will not
be satisfied with merely a fine.  The case ought not to have been brought to
trial in this part of the court, because it is not a short cause."

At another time, when defendants' attorney asked a witness a ques-
tion referring to some testimony theretofore presented on the part
of the plaintiffs, viz., "Q. Was that true, or was it false?" which ques-
tion was allowed by the court over plaintiffs' objection and exception,
and the plaintiffs' attorney further urged that he did not think it
was right to allow the question, the court said:

"This counselor [Mr. Herzog] has just made a statement to me in the pres-
ence of this jury concerning the manner in which a question was put.  I re-

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes·
    126 N.Y.S.—6

gard your conduct as contumacious and contemptuous of this court, and I warned you and stated to you last Friday, when your conduct was equally contumacious and contemptuous as it is to-day, that if you repeated it I would punish you. Not only on this trial, but at other times when you appeared before me in my capacity as justice and you in your capacity as an attorney, you misquoted facts to me."

The trial justice in his charge to the jury instructed them that the plaintiffs were not responsible, and must not be held responsible, for the conduct of their attorney during the trial. It is apparent, however, on a study of the record in the case, that the jury must have been in some degree influenced and prejudiced by the accusations against and the criticisms of counsel by the court. In Swan v. Keough, 35 App. Div. 80, 54 N. Y. Supp. 474, it is held that although the jury are charged that they must not pay any attention to what the court had said to counsel, nevertheless, if the remarks are unwarranted, it is reversible and prejudicial error. In the recent case of Bennett v. Harris, 124 N. Y. Supp. 797, determined by the Appellate Term in June, 1910, the learned justice, writing for the court, said:

"A trial in which counsel for one of the parties is held up to ridicule by the court for making proper objections, and is unjustifiably threatened with punishment by fine and imprisonment, and is denied a hearing upon relevant matters, is not a fair trial."

See, also, People v. Hill, 37 App. Div. 327, 56 N. Y. Supp. 282; McMahon v. Metropolitan Ry. Co., 97 App. Div. 466, 89 N. Y. Supp. 1062; Quigley v. Metropolitan St. Ry. Co., 38 Misc. Rep. 810, 78 N. Y. Supp. 1133; People v. Mayer, 132 App. Div. 646, 117 N. Y. Supp. 520; and Bolte v. Third Ave. Ry. Co., 38 App. Div. 234, 56 N. Y. Supp. 1038.

"Generally speaking, counsel has a right to present his theory of the case, or at least to offer to present it, without being accused of duplicity, ignorance, or bad faith, and where the trial court transgresses this right of counsel, invading as it does the rights of litigants, it is the duty of appellate courts, in the interests of the orderly administration of justice, to reverse the verdict and send the case back for a new trial." Kleinert v. Federal Brewing Co., 107 App. Div., at page 488, 95 N. Y. Supp. 407.

Judgment and order reversed, and new trial ordered, with costs to appellants to abide the event. All concur.