THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLAYTON STEPHENS, Appellant.

County Court, Steuben County, May 8, 1951.

*Wilbur F. Knapp* for appellant.

*Harry K. Morton, District Attorney,* for respondent.

BRISCO, J. The defendant was convicted on February 20, 1951, in Police Court in Canisteo, New York, of the crime of leaving the scene of an accident in violation of subdivision 5-a

of section 70 of the Vehicle and Traffic Law of the State of New York. The conviction has resulted in the defendant's having his license to operate an automobile revoked. An appeal has been duly taken to this court charging several errors. The serious question on the appeal is raised by the comments of the Police Justice. The case was very close and the issues of fact were sharply contested.

In the course of the jury trial the Justice said to the defendant, " Mr. Stephens, you stated that you told me that you turned around in the alley. You stated that you made that statement at my house. That is not true."

The record shows that the defendant's lawyer objected and moved for a mistrial on the ground that prejudice was made by the Justice.

No admonition was given the jury by the Justice to disregard the remark; the mistrial was not granted, and the jury found the defendant guilty as charged.

An examination of the authorities reveals that a Justice must be most careful not to criticize the testimony of the accused. (Abbott on Criminal Trial Practice [4th ed.], § 237, p. 448.)

In *People* v. *Davis* (247 Mich. 602) the defendant had testified that he had not previously been arrested and convicted of any offense. The court, after asking defendant a question, said, among other things, in the presence of the jury, " Mr. Prosecutor, as soon as the court is dismissed, you make a complaint, and Mr. Sheriff you can sign it charging the respondent here with perjury, and take him into custody. Go ahead with your questions."

The reviewing court said after that a fair and impartial trial was impossible and granted a new trial.

The courts have been prompt to condemn any action of a trial judge calculated to excite prejudice in the minds of the jury against any party or witness. (*People* v. *Hill,* 37 App. Div. 327.)

In *Laycock* v. *People* (66 Col. 441) the Trial Justice asked the defendant, " Do you mean to tell these jurors your wife and your stepdaughter are trying to frame up a case on you? "

A new trial was ordered by reason of this question. The appellate court said (p. 443) " These questions might be unobjectionable, or not reversible error, had they come from the District Attorney, but, coming from the court, they were prejudicial. They tended to induce in the minds of the jury a belief that, in the court's opinion, defendant was guilty. With the witnesses so closely pitted against one another, it is hard to

say what influence, coming from the bench, these questions may have had upon the minds of the jury, but that they were prejudicial to the defendant there can be no doubt. The jury may have believed the defendant's story, or, if the whole evidence on the trial raised a reasonable doubt in their minds as to his guilt, it was their duty to give him the benefit of the doubt and acquit him. Such questions propounded from the bench may have had a deciding weight against the defendant. The court will find it much safer in criminal cases to permit counsel to conduct the examination of the witnesses.''

It has been said that, however strong may be the evidence against a defendant, a judgment of conviction should be reversed if the trial was not a fair one. (*People* v. *Wolf,* 183 N. Y. 464.) The function of the trial court is to preserve scrupulously the legal rights of both the People and the accused and not to insure victory or defeat for either contestant. More important than any verdict or judgment are the legal principles which govern the fundamental right of all. This court should not countenance such a departure from these principles as this case discloses. (*People* v. *De Martino,* 252 App. Div. 476, 480.)

This court appreciates the tension of this particular trial. The trial was very heated and one can readily understand how the Justice came to make the comment in question. Steuben County has many fine, capable and able Justices of the Peace and Police Justices. The Police Justice who presided in this case is one of the ablest, fairest and best in the county. This court has deeply appreciated the excellent work that she has done and is doing. It just so happens in this case, that the controversy became so heated, that in a moment of most solemn, conscientious thinking, she made a comment which she believed to be true. It constituted reversible error, however, in that the defendant, in my opinion, was prejudiced before that jury.

The judgment of conviction is set aside; the matter is remitted to the Police Court of Canisteo for a new trial at a date to be fixed upon ten days' written notice by the District Attorney to the defendant's attorney. Let an order be entered accordingly.