## SUPREME COURT.

### BATES agt. VOORHIES.

Leave will not be given to amend a pleading for the purpose of setting up the defence of usury.

*Albany Special Term, September* 1852. *Motion for leave to amend the defendant's answer, by adding the defence of usury.* The action is upon a note for $2500, made by one Tomlinson, and endorsed by the defendant. Tomlinson died before the note became due. The answer sets up various grounds of defence, and the cause having been referred, several hearings have been had before the referee. The defendant states that a witness called by the plaintiff, while being cross-examined, on the 3d of April, disclosed facts of which he was before ignorant, and which, as he is advised by his counsel, show that the note was discounted by the plaintiff at an usurious interest. He therefore moves to amend his answer by adding this defence. Affidavits were read on the part of the plaintiff, for the purpose of showing that there was no usury in the transaction.

HARVEY J. KING, *for Plaintiff*
R. W. PECKHAM, *for Defendant.*

HARRIS, Justice.—Courts in the exercise of their discretion in allowing amendments, have thought it proper to discriminate between what have been regarded as hard and unconscionable defences, and such as have been considered with more favor. The soundness of this discrimination may well be doubted. The legislature of this state, have thought it wise to declare usury to be a legal defence to an action upon the usurious contract. In doing so, they have but followed every other civilized state. With the policy of such laws, courts have nothing to do. When a plaintiff willfully violates the law, by taking a greater amount of interest than it allows, I do not see upon what principle a court should take it upon itself to pronounce the defence, with which the law has provided the defendant, hard or unconscionable. But such has been the practice, and perhaps that practice has now become so inveterate that it can not be disregarded.

The defence of usury has been put upon the same footing with the statute of limitations. If any thing, it has been regarded as still more unconscionable (Lovett vs. Cowman, 6 *Hill*, 223). In Hallagan ads. Golden (1 *Wend.* 302), Savage, Ch. J., said a plea of the statute of limitations is never allowed to be added to the defence after issue joined " (see also Jackson vs. Varick, 2 *Wend.* 294; Fox vs. Baker, *id.* 244; Beach vs. Fulton Bank, 3 *id.* 585). The same rule is applied to cases in which the defendant seeks to amend by adding the defence of usury (Utica Ins. Co. vs. Scott, 6 *Cow.* 606; Lovett vs. Cowman, above cited). In these cases, a distinction is taken between opening a default, so as to allow a defendant to avail himself of an unconscionable defence already interposed, and amending a plea, after issue joined, so as to add such a defence. The ground of such a distinction is not very obvious, but it seems to be established.

Nor can I find that, in the application of this rule, any exception has been made in favor of endorsers or sureties. In one of the cases above cited (Utica Ins. Co. vs. Scott), the defendant was an endorser, and yet the court said, " we agree that we will not allow a new defence which is unconscionable." I feel bound, therefore, in regard to what seems to be the settled practice of the court, to deny the motion, but it is without costs.