## RICHE v. MARTIN.[1]

*(Common Pleas of New York City and County, General Term. November 7, 1892.)*

1. ACTION ON NOTE—DEFENSE OF PARTIAL PAYMENT—QUESTION FOR JURY.
   In an action on a note, though defendant's testimony of partial payment was corroborated by other witnesses, plaintiff's denial of any payment presented a sufficient conflict to require a submission of the case to the jury.

2. SAME—EVIDENCE.
   Where defendant, in an action on a note, testified that he made a payment thereon, evidence that he made such payment to plaintiff for wages, and not on the note, was admissible.

3. APPEAL—REVIEW—WEIGHT OF EVIDENCE.
   On an appeal from a judgment of the general term of the New York city court affirming a judgment on a verdict, and an order denying a new trial, if there was any evidence to support the judgment, the evidence will not be weighed by the court of common pleas.

4. APPEAL—OBJECTIONS NOT RAISED BELOW.
   Where a party is not entitled as of right to have evidence stricken out, an exception to the refusal to strike out such evidence is unavailable on appeal if the ground of objection was not stated when the request was made.

5. APPEAL—REMARKS OF COUNSEL—WAIVER.
   Where defendant, without objection, allowed the case to be submitted to the jury, the judgment will not be reversed because of improper remarks of plaintiff's counsel, whether the remarks were prejudicial or not.

Appeal from city court, general term.

Action by Pasqual Antonio Riche against Lawrence Martin to recover on a promissory note. A judgment on a verdict for plaintiff, and an order de-

[1] Leave to appeal refused. See 20 N. Y. Supp. 872.

nying a new trial, were affirmed by the New York city court at general term, (17 N. Y. Supp. 723,) and defendant appeals.   Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

*Kellogg, Rose & Smith,* (*Abram J. Rose,* of counsel,) for appellant.   *A. C. Astarita,* for respondent.

BISCHOFF, J.  On the trial it was conceded that the note in suit was made and delivered in exchange for a loan of money of equal amount.   The defense of usury was withdrawn, and there remained only that of partial payment.   The burden of sustaining it was upon the defendant.   His own testimony was that of a party in interest, and therefore subject to discredit, though not directly impeached.   *Elwood* v. *Telegraph Co.,* 45 N. Y. 549; *Gildersleeve* v. *Landon,* 73 N. Y. 609; *Honegger* v. *Wettstein,* 94 N. Y. 252. In some respects defendant was corroborated by witnesses for the defense, but plaintiff's denial, on cross-examination by defendant's counsel, of ever having been paid anything on account of the amount of the note, presented a sufficient conflict of evidence to require a submission of the facts to the jury for determination.   A verdict having been rendered for plaintiff for the full amount of the note, and the court below having affirmed the judgment entered thereon, as well as an order denying defendant's motion for a new trial, we cannot reverse, though we should differ in our views with those of the court below respecting the weight of the evidence.   On appeals from the city court our authority to review the evidence is measured by that of the court of appeals under like circumstances, (*Arnstein* v. *Haulenbeek,* [Com. Pl. N. Y.] 11 N. Y. Supp. 701; *Smith* v. *Pryor,* [Com. Pl. N. Y.] 9 N. Y. Supp. 636;) and it is well settled that the court of appeals will inquire only to ascertain if there is any evidence to support the judgment appealed from, (*Hazman* v. *Improvement Co.,* 50 N. Y. 53, 55; *Green* v. *Fortier,* 80 N. Y. 640.) A number of the exceptions taken to the trial justice's rulings on the admission of evidence do not present the ground of the objection, and are, for that reason, unavailable.   *Cruikshank* v. *Gordon,* 118 N. Y. 178, 186, 23 N. E. Rep. 457.   We shall therefore consider those only under which the ground of the objection was stated.

On plaintiff's cross-examination defendant's counsel elicited the fact that certain sums of money had been paid plaintiff by defendant subsequent to the delivery of the note, and on redirect examination plaintiff was permitted to testify, under objection and exception, that these sums were paid him for wages.   The probability of the truth of the testimony was a matter to be determined by the jury, but we can conceive of no ground why the testimony was not material, relevant, and competent, and, being so, the motion to strike it out was properly denied.   In rebuttal, plaintiff testified, apparently without objection, to a conversation with defendant concerning an alleged payment of $100, and defendant's counsel asked that the testimony be stricken out, and to the trial justice's denial of the request exception was taken.   The exception, however, is unavailable, because the ground for the request was not stated, and because counsel could not insist upon compliance with his request as matter of right.   *Pontius* v. *People,* 82 N. Y. 339, 347.   In view of the facts that counsel for defendant himself during the progress of the trial offered to allow judgment to be taken against him for substantially the same amount, that the facts conceded entitled plaintiff thereto, and that the court so charged without objection, it is incomprehensible how defendant could have been prejudiced by remarks of plaintiff's counsel to the jury that defendant had offered judgment for $322, conceding the remarks to have been improper, and counsel's rebuke deserved.  But, be that as it may, if defendant desired to avail himself of such remarks as an objection, counsel should have protested at once against submission of the case to the jury.   The court should have been asked to declare a mistrial, and to order a new trial, and to

a denial of the request exception should have been taken.   Defendant should not be permitted to take his chances of a favorable verdict, and then urge, if the result of the jury's deliberations prove adverse to him, that he was prejudiced.   Having consented to the submission of the case to the jury, any objection to improper remarks of counsel for plaintiff was waived, and the motion for a new trial on the ground that the jury was unduly influenced because of them was properly denied.   The judgment and order appealed from are affirmed, with costs.   All concur.