(20 Misc. Rep. 300.)

JENNINGS v. KOSMAK.

(Supreme Court, Appellate Term. May 27, 1897.)

1. BILLS AND NOTES—ACCOMMODATION INDORSEMENT—PRESUMPTION.
    A presumption that an indorsement was for the accommodation of the maker is created by the fact that the note was payable to the order of the maker, and was negotiated by her.

2. TRIAL—IMPROPER REMARKS BY COURT.
    It is improper for the court, in the hearing of the jury, to remark that he regards the defense of usury, on which defendant relied, as an unconscionable one.

3. SAME—MODE OF RAISING OBJECTION.
    Where an improper remark by the court was not made in the charge to the jury, it may be reviewed only on a special motion to set aside the verdict.

4. WITNESSES—CREDIBILITY.
    The entire testimony of a witness may be disregarded, because it is untrue in some particular, only when the truth is intentionally disregarded; and therefore it is erroneous to charge that the jury "may disregard the testimony of any witness if he has proved to your satisfaction that he is not telling the truth in any particular."

5. TRIAL—IMPROPER REMARKS BY COUNSEL.
    It is erroneous for the court to refuse a request of counsel to check improper remarks by opposing counsel to the jury, though the court states that it will charge the jury as to the law of the case.

Appeal from city court of New York, general term.

Action by James Jennings against Emil H. Kosmak and Louisa Bauer on a promissory note. From an affirmance of a judgment in favor of plaintiff (43 N. Y. Supp. 1134), defendant Kosmak appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

I. Newton Williams, for appellant.
Mulqueen & Mulqueen, for respondent.

McADAM, J. The action was on a promissory note for $480, made by Louisa Bauer, and indorsed by the defendant Kosmak. The defense was usury. It appeared at the trial that the plaintiff paid Bauer $900 for the note in suit, and another, made by Bauer, and indorsed by one Horn, for $560; that the note in suit was indorsed by the defendant Kosmak for the accommodation of Mrs. Bauer, so that it had no inception until discounted by the plaintiff; and it is upon this ground that the defendant urges that the transaction was usurious. The note indorsed by Horn was similar in form to the one in suit; and, while it does not affirmatively appear that it was accommodation paper, the fact that the note was payable to the maker's order, and was negotiated by her, created the presumption that the indorsement was for her accommodation, and was notice thereof to the plaintiff. National Park Bank v. German-American Mut. W. & S. Co., 116 N. Y. 281, 22 N. E. 567; 1 Daniel, Neg. Inst. § 365; Stall v. Bank, 18 Wend. 466; Bank v. Cameron, 7 Barb. 143. As the notes had no legal inception until they were discounted by the plaintiff, the discount thereof by him at a rate exceeding 6 per cent. made them usurious and void, so that, if the facts proved by the

defendant were true, he was entitled to a verdict. The plaintiff testified that the discount was at lawful interest; but this simply made the question arising on the conflict one of fact for the determination of the jury, respecting which the parties were entitled to have the jury instructed according to law, without any criticism not justified by the proofs. The answer interposed by the defendant did not plead the usury according to the proofs offered; but the trial judge received the evidence, and permitted the answer to be amended to conform to the facts proved, so that the pleading must be regarded as unobjectionable so far as the present appeal is concerned. If the jury had found for the defendant, the power of the trial judge to allow such an amendment would have been a proper subject of review; but the plaintiff succeeded in the court below, and must sustain his judgment, if at all, upon the theory on which the case was tried.

Upon the conclusion of the evidence, and while one of the counsel was summing up to the jury, the trial judge stated in their presence and hearing that he regarded the defense of usury as an unconscionable one, to which the defendant's counsel excepted. The remark was one well calculated to influence the jury to the prejudice of the defendant, for they could hardly be expected to find in favor of a defense pronounced unconscionable by the court.

In Bates v. Voorhees, 7 How. Prac. 234, Justice Harris said:

"The legislature of this state have thought it wise to declare usury to be a legal defense to an action upon a usurious contract. In doing so, they have but followed every other civilized state. With the policy of such laws, courts have nothing to do. When a plaintiff willfully violates the law, by taking a greater amount of interest than the law allows, I do not see upon what principle a court should take upon itself to pronounce the defense, with which the law has provided the defendant, hard or unconscionable."

The courts at one time undertook to discriminate against this defense, but the modern authorities put it upon the same footing as any other defense. 1 Enc. Pl. & Prac. 499, 500.

In McQueen v. Babcock, *42 N. Y. 428, the court said:

"The idea that the defense of usury * * * was to be treated in this respect different from other defenses has been exploded. Courts now regard all legal defenses as entitled to the same consideration."

The trial judge had no right to declare, in the presence of the jury, that the defense interposed was unconscionable. The remark was unwarranted and prejudicial to the defense. If proper in a case where usury is pleaded, it would be equally appropriate in a case where the statute of limitations or statute of frauds is interposed, or in any other case where the defense might be obnoxious to the judicial mind. If the statement had been made in the charge to the jury, it might have been reviewed by the exception taken; but, under the circumstances, the mode of review is not by exception, for the question should have been brought up on a special motion to set aside the verdict, which was not made in this instance. Daly v. Byrne, 77 N. Y. 182. True, the defendant has appealed from the order denying his motion for a new trial upon the grounds specified in section 999 of the Code; but this is not one of those grounds, nor

can this court review an order denying a motion for a new trial. Soule v. Veyrac, 13 Misc. Rep. 167, 34 N. Y. Supp. 112; Eckensberger v. Amend, 10 Misc. Rep. 145, 30 N. Y. Supp. 915.

Apart from this error, which cannot be reviewed upon the present appeal, there is another which we are bound to review. Plaintiff's counsel requested the court to charge that, if any witness was contradicted in one point, his testimony was not entitled to the same consideration as that of a witness who had never been impeached, to which the court replied: "If the jury believe that any witness has made any false statement in any part of his testimony, they have a right to disregard his entire testimony. False in one thing, false in all;" and added: "The jury have the right to disregard the testimony of any witness if he has proved to your satisfaction that he is not telling the truth in any particular,"—to which charge exception was taken by the defendant. This was carrying the rule too far.

In Wilkins v. Earle, 44 N. Y. 172, 182, the court said:

"The mere fact that his evidence was contradicted as to any fact or facts as to which he could not be simply mistaken was not conclusive as to the falsity of the evidence as to those facts. The jury might have believed the evidence, although contradicted. The jury must believe the evidence to be willfully false in some particular before they are authorized to discredit the whole evidence of a witness."

The fact that the testimony of a witness is shown to be untrue in some particular does not, as matter of law, where it is not made plain that the testimony was corruptly given, require his testimony as to other matters in which it is not contradicted to be disregarded. Dering v. Metcalf, 74 N. Y. 501. In Pease v. Smith, 61 N. Y. 477, it was held that the maxim, "Falsus in uno, falsus in omnibus," only applies where truth is intentionally disregarded, and not where, by defect of memory, it was innocently departed from. The charge of the trial judge was not in accordance with the controlling decisions cited, but contrary to them, and may have prejudiced the defendant, presumptively it did. Greene v. White, 37 N. Y. 405, 407.

The defendant's counsel also excepted to certain remarks made by the plaintiff's counsel during the summing up of the cause in reference to the more liberal laws respecting usury in other states, and their beneficial effect on the prosperity of those states, and that usury was not an honest defense. When the objection was made, the record shows "the court instructed defendant's counsel not to interrupt plaintiff's counsel in summing up to the jury, and stated he would charge the jury as to the law of the case, and ordered plaintiff's counsel to proceed," to which the defendant's counsel excepted.

In Williams v. Railroad Co., 126 N. Y. 96, 103, 26 N. E. 1048, the court held that:

"Where counsel, in summing up, proceeds to dilate upon facts not in evidence, or to press upon the jury considerations which the jury would have no right to regard, it is, we conceive, the plain duty of the court, upon objection made, to interpose; and a refusal of the court to interpose, where otherwise the right of the party would be prejudiced, would be legal error."

See, also, Halpern v. Railroad Co. (Sup.; filed April 26, 1897) 45 N. Y. Supp. 134.

When the attention of the court was called to what amounted to an attack on the policy of our usury laws by counsel in summing up, it not only declined to interpose, but directed the defendant's counsel not to interrupt the remarks of his adversary.

In Brooker v. Filkins, 9 Misc. Rep., at page 149, 29 N. Y. Supp. 70, the court said:

"We quite agree with appellant's counsel in the gross impropriety of alluding to matter outside the record in summing up to the jury, or in improperly attempting to influence their verdict by dwelling upon the legal consequences of it, or in any other way attempting improperly to influence them; and, when a proper case is presented to us upon that question, we will have no hesitation in reversing a judgment on any of those grounds."

The laws of other states must be proved as facts (Code, § 942), and were not before the court or jury for consideration on the subject of usury, or for any other purpose, and were foreign to the issue on trial. Whether the objection was waived by not asking the court to declare a mistrial (Riche v. Martin, 1 Misc. Rep. 285, 20 N. Y. Supp. 693) is not necessary to decide (see Chesebrough v. Conover, 140 N. Y., at pages 388, 389, 35 N. E. 635); for, in view of the mode of trial permitted, it is sufficiently clear that the exception to that portion of the charge of the trial judge before referred to entitles the defendant to a new trial, if none of the other exceptions do.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.