## DAVISON v. HERRING.

(Supreme Court, Appellate Division, Fourth Department. December 18, 1897.)

1. APPEAL—REVIEW.

Appeal from a judgment on a verdict, and from an order denying a motion for a new trial made on the judge's minutes, brings up all the evidence and proceedings for review, so that remarks of the court can be reviewed.

2. REMARKS OF COURT—CURING BY INSTRUCTION.

Error in remarks of the court, in an action by a female claiming to have been assaulted by defendant with intent to corrupt her, that proceedings should be taken before the grand jury in the matter, is not cured by a caution to the jury not to consider the remarks, or what they thought the court might think about the matter.

Appeal from trial term, Jefferson county.

Action by Grace Davison (by Andrew Davison, her guardian ad litem) against Fred W. Herring. From a judgment on a verdict for plaintiff for $784.66, and from an order denying a motion for a new trial made on the minutes of the judge, defendant appeals. Reversed.

The action was commenced in April, 1896, and tried the following January. The complaint alleged that on the 26th of October, 1895, the defendant, at the city of Watertown, conspiring with another man, enticed and persuaded the plaintiff and another girl, a Miss Felt (they being about 16 years of age), to enter a hack in company with themselves, and drive to a halfway house situated four or five miles from the city of Watertown, and that the defendant assaulted the plaintiff, with intent to corrupt her and do her bodily harm, and used vile and obscene language in her presence, and sought to debauch her. The answer denied the allegations of the complaint, and upon the trial the jury rendered a verdict for the plaintiff for $675. A motion was made by the defendant, upon the minutes, for a new trial upon exceptions taken at the trial upon the charge of the court to the jury, and the exceptions to its refusals to charge as requested, and that the verdict was contrary to the law and the evidence, and against the weight of the evidence, and that there was no evidence to support the finding of the jury. The trial judge denied the motion, and from the judgment and the order denying the motion for a new trial the defendant appeals to this court; and the case is presented upon a case, duly settled, containing all the evidence and proceedings of the trial.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Levi H. Brown, for appellant.
N. F. Breen, for respondent.

WARD, J. Upon the trial the learned trial judge made certain remarks and statements in the presence of the jury, that, the appellant urges here, influenced the result unfavorably to him, and constituted such error as should lead to a reversal of the judgment and order appealed from. The plaintiff had been testifying for some time, giving her version of the case, when her attention was called to an article that was published in a paper in Watertown, the effect of which was to exonerate the defendant from blame, and to contradict her version of the transactions with the defendant which she had given as a witness. It was offered in evidence by the defendant's counsel, and objected to by the plaintiff's counsel. The court said:

"I will receive it, but, if the grand jury was in session, I should order this case before the grand jury. I will receive the paper."

The district attorney of Jefferson county was sworn as a witness for the defendant, and testified to a conversation between the plaintiff and her mother, and that the mother asked him what she should do about the stories that were being circulated about the plaintiff in relation to the matters being investigated upon the trial, and the question arose as to whether the district attorney should take any action upon the subject, and he inquired of the mother and daughter what they wanted done, and what they claimed had been done. The plaintiff was opposed to any proceeding, and made a statement tending to exonerate the defendant from blame. There was an objection interposed, and the court seems to have got an impres-

sion from the evidence, indicated by the following statement, which was made after the plaintiff's counsel had objected, as being of a confidential and privileged character:

"The Court: It would appear so far in the evidence that the old lady was at this time going to the district attorney to try to hush up the real truth of the matter, and I will receive it."

Later on, while the district attorney was being examined, the following occurred:

"The Court: When is the next grand jury in this county? Mr. Kellogg: In May, I think. The Court: I think you had better issue subpœnas to the parties that know something about this matter, and have it presented to your next grand jury. That's all. Mr. Brown (the defendant's counsel): I wish an exception entered to that expression,—the remarks to the district attorney. The Court: You can have an exception, but the way it appears to the court, that the parties did not tell the district attorney the truth of this transaction. I am inclined to think so. I think it is a case that ought to be investigated."

The Reverend Allen M. Dulles, a Presbyterian clergyman at Watertown, was sworn as a witness for the defendant, and he testified that Miss Felt was a member of his Sunday school, and that he investigated the rumors in regard to the affair, and that he had a conversation with the plaintiff upon the subject; and, after stating what it was, he was questioned by the court as follows:

"Q. Well, did you understand that this was (what these young people did) was a disgraceful affair,—the reason that you were investigating it? A. That was not my primary reason."

The defendant testified in his own behalf as to an interview he had with the plaintiff after the action was commenced, in which she bestowed some familiarities upon him. The plaintiff's counsel moved to strike out this evidence, but the court decided to retain it. The plaintiff's counsel then said, "There is no truth in it," and the court replied, "It is not very proper evidence, any way."

The court, in its charge to the jury, cautioned the jury not to take into consideration what the court had said with reference to the district attorney, and the suggestions to him to present the case to the grand jury, and continued:

"You must not consider that as bearing at all upon what you think that the court may think about this transaction, for the right and the privilege and the prerogative that belongs to you is to find the fact and the truth of every case that is before you."

To this charge the counsel for the defendant excepted.

The effect of these statements of the court could have hardly been otherwise than prejudicial to the defendant. The case was a highly sensational one, as is disclosed by the record. The affair had reached the newspapers, and the people of Watertown were excited. Miss Nellie Felt (the young lady who accompanied the parties to the halfway house), as a result of its publicity, had committed suicide; and the court should have been particularly careful, under such circumstances, to have refrained from any expression of opinion upon the subject of controversy. The expressions of the court were well calculated to excite prejudice and hostility in the minds of the jury towards the defendant, and sympathy for the plaintiff. Hogan

v. Railroad Co., 124 N. Y. 649, 26 N. E. 950; Davis v. Marvine, 11 App. Div. 444, 42 N. Y. Supp. 322.

Such expressions are grounds for a reversal of the judgment and order appealed from, but it is insisted by the learned counsel for the plaintiff that we cannot consider the remarks of the court during the trial, upon this appeal, as the subject can only be brought up by special motion to set aside the verdict, and is not one of the grounds for a new trial specified in section 999 of the Code; and he cites Jennings v. Kosmak, 20 Misc. Rep. 300, 45 N. Y. Supp. 802, and Daly v. Byrne, 77 N. Y. 183. In the last case cited, all the court held was that the mode of review was not by exception, but the question should be brought up by a motion to set aside the verdict. In the Jennings Case the trial judge had said, in the presence of the jury, that he regarded the defense of usury as an unconscionable one, to which the defendant's counsel excepted. McAdam, J., speaking for the appellate term (which sits in review of subordinate courts in New York), condemned the remark as unwarranted and prejudicial to the defense, but held that that court could not review an order denying a motion for a new trial, and also held that, under section 999 of the Code of Civil Procedure, the remarks of the judge could not be reviewed, as none of the grounds for a new trial specified in that section were applicable. We are of the opinion that this court, upon this review, can entertain the question. These expressions are a part of the proceedings in the cause. They were pertinent matters to be considered upon the motion for a new trial. Woolley v. Stevens, 17 N. Y. Wkly. Dig. 382. This appeal, being from an order denying a motion for a new trial on the judge's minutes, as well as from the judgment, brings up all the evidence and the proceedings for review; and we have the right to set aside a verdict which, upon due examination, appears to have been influenced by passion or prejudice. Hynes v. McDermott, 7 Abb. N. C. 98–108, and cases cited. A party has the right to have a verdict set aside which is contrary to law. This right is given for the promotion of justice. Tate v. McCormick, 23 Hun, 218, and cases cited. A verdict improperly influenced by a misdirection of the judge, or by prejudicial statements, will be set aside upon motion, upon a case-made, although no exception has been taken at the time of the trial. Benedict v. Johnson, 2 Lans. 94; Whittaker v. Canal Co., 49 Hun, 400, 3 N. Y. Supp. 576, and cases cited on page 405, 49 Hun, and page 578, 3 N. Y. Supp.; Roberts v. Tobias, 120 N. Y. 5, 6, 23 N. E. 1105; Mandeville v. Marvin, 30 Hun, 282; Hogan v. Railroad Co., supra. We are unable to say that the charge of the court removed the impression which the prior remarks must almost necessarily have produced upon the minds of the jury.

We do not deem it necessary to review the other exceptions taken in the case. The judgment and order appealed from should be reversed, and a new trial granted, with costs to abide the event. All concur.