REILLY v. EASTMAN'S CO. OF NEW YORK.

(City Court of New York, General Term. April 27, 1899.)

1. APPEAL—QUESTIONS CONSIDERED.
   An appeal from a judgment and an order denying a new trial on the judge's minutes brings up for review the remarks of the judge during the trial.

2. TRIAL—REMARKS OF JUDGE—HARMLESS ERROR.
   Error in a remark of the judge, on excluding evidence, that "you have evidence of the injury sufficient for a big verdict, if the jury believe it," is cured, where the court instructed the jury to disregard such remark.

Appeal from trial term.

Action by Kate Reilly against the Eastman's Company of New York. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before McCARTHY, CONLAN, and O'DWYER, JJ.

Joseph Fettretch, for appellant.

John C. Robinson, for respondent.

O'DWYER, J. The action was brought to recover damages for injuries sustained by plaintiff through her being run into and knocked down and trampled upon by a team of mules while under the management and control of defendant's driver. On the evening of April 5, 1897, the plaintiff was crossing Fifteenth street on the cross walk on the east side of First avenue, going towards Sixteenth street, or from south to north. When she left the curbstone on the south side of Fifteenth street, there was nothing in the carriage or roadway to interfere with her safe passage across. When she had proceeded some two or three steps, the defendant's wagon, which was being driven rapidly up First avenue, on the east side, from Fourteenth street, took a short and rapid turn into Fifteenth street. The front wheels of this wagon, when the turn was taken, were about $2\frac{1}{2}$ feet from the curb, and the hind wheels touched the curb and slid along. The plaintiff was struck from behind, knocked down, and severely injured. Four disinterested eyewitnesses of the accident to plaintiff testified to facts showing that the accident occurred through the reckless driving of defendant's servant, and through no fault of the plaintiff. On the trial, after the plaintiff had testified to the very serious nature of her injuries, she was asked the question by her counsel, "Have you had any fainting spells, or anything of that nature?" And the court, in sustaining the objection to the question, remarked to plaintiff's counsel, "You have evidence of the injury sufficient for a big verdict, if the jury believe it."

The appeal, being from an order for a new trial on the judge's minutes, as well as from the judgment, brings up all the evidence in the proceedings for review, and, among other things, the remark made by the trial judge during the trial. Davison v. Herring, 24 App. Div. 402, 48 N. Y. Supp. 760. The remark contained no expression of opinion as to whether or not the jury should believe the evidence; but the trial judge had no right to declare in the presence of the jury that, if they believed the evidence, the plaintiff would be entitled to a big verdict. However, we are of the opinion that whatever effect the remark, at the time of its utterance, may have had on the jury, was certainly removed upon the submission of the case, when the court charged the jury as follows:

"In regard to some remark that slipped my tongue when the attorney was trying to bring out, in his examination, some more evidence as to plaintiff's injury, and so on, when I said, 'You have evidence of the injury sufficient for a big verdict, if the jury believe it,' you will entirely discard that remark, and eliminate it from your minds. I did not intend thereby to influence the jury, and do not think I did; and, if so, you will disregard this entirely. The jury should take no intimation from the court as to the facts in the case, for you are the sole judges of those facts, and the court is only bound to instruct the jury as to the rules of law applicable to a case, so as to enable it to reach a sound and proper conclusion."

We have carefully examined the evidence, and have no reason to doubt that the jury has done substantial justice between the par-

ties; and, if the remark of the trial justice was prejudicial, it was cured by his charge, which left the matter in difference very fairly to the jury. The verdict is fully sustained by a preponderance of evidence in favor of the plaintiff, and, in view of the injuries received, the damages are not excessive.

The judgment and order appealed from should be affirmed, with costs. All concur.