under which he lives. But no one has the right to use the privileges thus conferred in such a way as to injure his fellow citizens, and one who imagines that he has labors under a serious misconception not only of the true meaning of the constitutional provision referred to, but of his duty and obligations to his fellow citizens and to the state itself.

It is further urged that the defendant is not criminally liable for the publication of this article, because he was not the author of it; that it was first published nearly 50 years ago, and that all the defendant did was to republish it. A complete answer to this suggestion is that the defendant published and adopted it as his own. He approved of the sentiments expressed in it, and gave publicity to them. Thus, in the beginning of the article, it is stated: "As * * * said nearly fifty years ago (this is true even to-day)." And other expressions used indicate that the defendant intended not only that the application should be made and the sentiments advocated adopted, but that the same should be followed at the present time by the readers of the paper. It does not require argument to demonstrate that one who openly advocates the killing of a fellow being, independent of and without resort to the laws of the land, whether that fellow being live in our own land or another, seriously endangers the public peace, within the meaning of the section of the Penal Code referred to, and, no other punishment being expressly provided, is guilty of the crime therein specified. This the defendant did, for which he was justly convicted, and we see no reason for interfering with the judgment. The judgment, therefore, must be affirmed.

Judgment affirmed, with costs, on opinion of court below. All concur.

---

## McGLOIN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. April 11, 1902.)

PERSONAL INJURIES—TRIAL—CONDUCT OF PLAINTIFF.

     On the first day of a trial for personal injuries, after adjournment, and in the presence of one or more of the jurors, the plaintiff became prostrated in the court room, and was attended by physicians, and after about 20 minutes was removed from the room. There was evidence that his physical condition at the trial was the result of the injuries alleged. It was not alleged that the attack was simulated, or symptoms intentionally manifested before the jury, and the court asked any of the jury so affected by the event that they could not decide the case as if it had not occurred to rise, but no one rose, and a juror who saw the occurrence stated that it would not affect his decision. *Held*, that the court's refusal to grant a new trial would not be disturbed.

     Van Brunt, P. J., and McLaughlin, J., dissenting.

Appeal from trial term, New York county.

Action by Edward J. McGloin against the Metropolitan Street Railway Company, for personal injuries. From a judgment for plaintiff, and from an order denying new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Charles F. Brown, for appellant.
Edward J. McCrossin, for respondent.

INGRAHAM, J. We think that there was evidence that justified the submission of this case to the jury, and that no error was committed upon the trial by the learned trial judge that would justify a reversal of the judgment. The only serious question presented is as to the application for a new trial because of the occurrence which happened during the pendency of the trial. That question is presented upon an application of the defendant to have the case withdrawn from the consideration of the jury, on the ground that after the adjournment of the court on the first day of the trial, and in the presence of one or more of the jurors, the plaintiff became prostrated in the court room, when he was attended by physicians. This attack lasted about 20 minutes, when plaintiff was removed from the court room. There is no allegation or proof that this attack was simulated, or that fraud or deception was practiced by the plaintiff; nor did the plaintiff voluntarily or intentionally exhibit in the presence of any member of the jury any condition which could affect their verdict. His condition was evidently brought on by the excitement attending the trial in his weak physical condition. There is evidence that his physical condition at the trial was caused by the injury occasioned by this accident. If this attack had happened during the session of the court, there being no suspicion of a simulated attack, bad faith, or fraud, there would be nothing to justify this court on appeal in granting a new trial. The fact that the attack came on after the court had adjourned, and before all of the jurors had left the room, should not, we think, subject the plaintiff to the penalty of losing the verdict which had been obtained as a result of a fair trial at which all the rights of the defendant had been fully preserved. After this occurrence had been called to the attention of the court, the court asked the jury, "whether there is any juror who, by reason of what he saw, has been so affected that he cannot decide this case just the same as if he had not seen what he did," to which the eleventh juror, who appears to have been the juror who was present and saw the occurrence, stated to the court that he would not consider it, and, no other juror having indicated that he either saw the occurrence or would be affected by it, the court stated, "I therefore assume, gentlemen, that you can decide the case just as though none of you had seen this occurrence, and if I am wrong about that, will any of you rise who knows it to be so," and no juror arose. After the verdict had been rendered, additional affidavits were submitted to the court, and a motion to set aside the verdict and for a new trial was made and denied.

It is quite probable that we should not have interfered with the conclusion of the trial justice if he had determined to set aside the verdict; but, as before stated, there is nothing to justify a conclusion that the plaintiff voluntarily exposed himself to this attack in the presence of a juror. In all of the cases relied upon by counsel for the defendant in which verdicts have been set aside the action of the court was based upon some voluntary act of the plaintiff, which either simulated conditions that did not exist, or voluntarily submitting something to the

jury which could influence their verdict. None of those conditions existed in this case. My conclusion, though with some hesitation, is that we are not justified in reversing the action of the trial court in refusing to discharge the jury from a consideration of the case, or in refusing to grant a new trial after the rendition of the verdict. The jury found a verdict for $22,000. The defendant moved for a new trial on the ground that this verdict was excessive, but, upon the plaintiff's stipulating to reduce it to $17,000, the court denied the motion. While this verdict was large, we do not think that the amount to which it was reduced by the stipulation of the plaintiff was so excessive as to justify us in granting a new trial. There is no doubt but that the plaintiff has been very seriously injured by the accident. The complaint expressly alleged that the injury caused the plaintiff intense pain and suffering; that he is still suffering greatly from said injuries, and believes that he will be an invalid and cripple the balance of his life. This allegation was certainly sufficient to justify the introduction of the evidence of permanent injury; and upon the evidence we cannot say that the verdict, as allowed to stand, was excessive.

Upon the whole case, we do not think that we would be justified in granting a new trial; and the judgment appealed from must be affirmed, with costs.

O'BRIEN and HATCH, JJ., concur.

McLAUGHLIN, J. (dissenting). This appeal is from an order denying a motion for a new trial on the minutes, as well as from the judgment, and, therefore, there is brought before this court for review all of the evidence and proceedings which took place upon the trial, and it is our duty to set aside the verdict, if, upon due examination, we are satisfied that the same was influenced by passion or prejudice, or that substantial justice was not done between the parties. Davison v. Herring, 24 App. Div. 402, 48 N. Y. Supp. 760. While I concur in the opinion of Mr. Justice INGRAHAM to the effect that the evidence justified a submission to the jury, and that no errors were committed upon the trial which would justify a reversal of the judgment, I cannot concur with him that a new trial should not be ordered.

The plaintiff, a passenger on one of the defendant's cars, was seriously injured by the car upon which he was riding colliding with another car, and the action was brought to recover damages for such injuries. The trial lasted several days, and at the close of the first day, after the court had adjourned and the trial justice and several of the jurors had left the court room, the plaintiff, who had just previous to the adjournment been examined as a witness, was suddenly taken ill. He became very pale; the pupils of his eyes were dilated; perspiration came out on his brow; and, at the suggestion of one of the doctors who was present, he was laid down upon the floor, and his face then turned blue; he groaned and indicated, both by sounds and actions, that he was in intense pain; water was given to him, also ammonia, and he commenced to retch and vomit, and a distinct shaking or tremor was observed all over his body, except

in his legs; coffee was given to him, a spoonful at a time, which he vomited; then brandy was given to him, and this he was urable to retain; thereafter, stimulants were given to him by means of hypodermic injections. He remained in this condition some 15 or 20 minutes, during which time he presented a very distressing appearance. Some of the jurors were present and saw him, and those who did not see him in some way learned of what had taken place. Immediately on the opening of court on the following morning, the defendant's counsel called the attention of the court to what had occurred, and asked leave to withdraw a juror, and, upon an examination made by the court, it was ascertained that at least nine of the jurors saw the occurrence, and one of the three not present informed the court that, although he did not see it, he had heard about it. The request was denied, and subsequently a motion was made, upon affidavits to set aside the verdict, based upon the facts above stated. Notwithstanding the facts set forth in the affidavits were not denied, the motion, nevertheless, was denied, and the request to withdraw a juror and the denial of the motion for a new trial present, as it seems to me, substantially the only questions on this appeal. The jury rendered a verdict of $22,000, which the trial justice announced he would set aside unless the plaintiff consented to reduce the amount to $17,000, which he did.

The purpose of a trial is to do justice between the parties, and to that end the verdict rendered by a jury must be based solely upon the evidence adduced upon the trial. Whenever the court can see that the jury may have been influenced in rendering a verdict, by facts independent and outside of the evidence, or that they have been influenced by sympathy, prejudice, or passion, it never hesitates, but invariably sets aside the verdict and orders a new trial. Here what occurred not only might, but probably did (indeed the jurors would hardly have been human if it did not), influence them in the plaintiff's favor. He claimed to have been seriously injured; and, if he was in the physical condition which the sudden attack of illness indicated, it was a practical demonstration to the jury that the testimony offered upon his part was true. But the defendant had no opportunity to question the truth of these facts, and therefore it cannot be said that it had a fair trial in this respect. And, in this connection, the fact that the learned trial justice concluded to set aside the verdict unless the plaintiff would stipulate to reduce it $5,000 is quite significant. He certainly would not have done this unless he had become satisfied that the jury had either been improperly influenced, or else they had failed to give due consideration to the evidence offered upon the trial. Considering the size of the verdict, the reduction made by the trial justice, and the facts above alluded to, it seems to me that justice will best be served by ordering a new trial. If the plaintiff has been injured to the extent claimed, he is entitled to a substantial recovery,—the amount of which, however, must necessarily depend upon, and be ascertained by a jury from, evidence offered upon the trial, and not from anything else. This, both parties are entitled to, and this the law gives them.

I am therefore of the opinion, in view of the plaintiff's alleged

serious condition, and the fact that the jury may have been improperly influenced by what transpired after the court had adjourned at the close of the first day of the trial, that the judgment appealed from should be reversed, and a new trial ordered.

VAN BRUNT, P. J., concurs.