JAMES E. HACKETT *v.* SUELLEN HACKETT ET AL.
(9663)

NORCOTT, FOTI and LANDAU, Js.

Argued October 4—decision released November 12, 1991

*M. J. Daly III,* for the appellant (named defendant).

*Karen E. Souza,* for the appellee (plaintiff).

PER CURIAM. This is an appeal by the named defendant[1] from a supplemental judgment of distribution in an action for partition by sale of real estate, rendered pursuant to General Statutes § 52-502 (b),[2] in which the trial court ordered that the plaintiff be compensated out of the proceeds from the sale of the parties' jointly owned property for his past payments for mortgage, insurance, taxes, improvements and repairs. The sole issue on appeal is whether the state trial referee correctly found the facts and applied them to the law as required by *Vesce* v. *Lee,* 185 Conn. 328, 441 A.2d 556 (1981).[3]

Our examination of the record and the briefs, as well as the oral arguments presented to this court, per-

---

[1] In addition to the named defendant, the action originally also named as defendants First Federal Savings and Loan Corporation of New Haven and Household Finance Company, the holders of first and second mortgages. The action was withdrawn as to First Federal, and the mortgage to Household Finance was paid off during this action.

[2] General Statutes § 52-502 (b) provides: "On any such complaint, the court may appoint a committee to make the sale, who shall pay into court all proceeds therefrom. The proceeds from the sale, after deducting such reasonable costs and expenses as the court directs, shall be distributed by order of court among all persons interested in the property, in proportion to their interests."

[3] The *Vesce* court held that when contributions of money to defray the costs of owning the real estate " 'were made for the joint benefit of both [parties] without expectation of reimbursement from the contributing parties' . . . there is a presumption that when one party vacates the commonly owned family residence, future expenditures will continue to be made for the joint benefit of the cotenants. In other words, the single fact that the plaintiff vacated the family home, leaving the defendant in possession, was not sufficient to rebut the presumption that the parties intended that all expenditures made after the separation, even if only made by one of them, would continue to accrue for the benefit of both parties without any future accounting or contribution." *Vesce* v. *Lee,* 185 Conn. 328, 336, 441 A.2d 556 (1981).

suades us that the state trial referee's judgment was correct and should be affirmed. The trial court's memorandum of decision thoughtfully and comprehensively addresses both the factual questions and the legal issue raised by the defendants. *Hackett* v. *Hackett,* 42 Conn. Sup. 36, 598 A.2d 1112 (1991). Because that memorandum of decision fully states and meets the arguments raised in the present appeal, we adopt the trial court's well reasoned decision as a statement of the facts and the applicable law. It would serve no useful purpose for us to further address the discussion contained therein.

The judgment of the trial court is affirmed.