[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 3626
The marriage of the plaintiff, C. Chandler Pohl, and the defendant, Claire B. Bryant, was dissolved on May 9, 1989. The parties stipulated that the decree of dissolution did not provide for a division of the proceeds of the sale of the parties' home at 100 Newtown Turnpike in Weston, and it did not address a division of a number of items of personal property owned by the parties. In his complaint seeking a partition and a declaratory judgment, Mr. Pohl claims that he is entitled to one half of the net proceeds on the sale of the realty, reimbursement for his former wife's use and occupancy of the premises, and a replevin, pursuant to General Statutes 52-515, of his personal property in the possession of the defendant.
Mrs. Pohl filed a special defense claiming that an appeal of a Superior Court decision denying her motion to open the judgment, A.C. 9618, would resolve the dispute concerning the respective rights of the plaintiff and the defendant to their real and personal property. The defendant also filed a "cross complaint" alleging that the plaintiff had failed to pay his fair share of the mortgage, taxes, and other expenses; that foreclosure proceedings had been commenced due to the failure to pay the mortgage; that defendant had suffered physical and emotional harm as a result; and that she should receive 75% of the net proceeds of the sale of the family home.
The case was referred to Attorney Ellen B. Wells, an attorney trial referee, in accordance with General Statutes 52-434(a) and Practice Book 428 et seq. Hearings were held over the course of three days, after which the attorney trial referee filed her report containing a number of findings of fact, including that: (1) the defendant's appeal of the denial of her motion to open the judgment was rejected in Pohl v. Pohl,25 Conn. App. 808, 593 A.2d 167 (1991); (2) the real estate in Weston had been sold for $937,500, and that the net proceeds thereof, a portion of which was being held in escrow, should be divided equally between plaintiff and defendant, subject to a credit to the defendant for $8,721.94 due her for certain mortgage and home equity loans that she had paid; (3) plaintiff had acquired certain items of personal property before he married Mrs. Pohl in 1975; (4) as to personal property acquired during the course of the marriage, the parties used a joint checking account to pay for the purchase of jewelry, antiques and furnishings, and such items were purchased in part with the proceeds of a home equity line of credit signed by both parties; and (5) the defendant, Mrs. Pohl, had proven that by virtue of income from a trust fund she had contributed more money to the marriage than had the plaintiff CT Page 3627 through his wages.
The attorney trial referee concluded that the plaintiff was entitled to possession of those items of personal property acquired before his marriage, but that he had "not proven his right to possession of the personal property acquired during the marriage," which had been taken by the defendant when the house was sold in March, 1991, and she moved to another state. The referee reasoned that plaintiff had failed to show that defendant sold or made a gift to him of those items, and that defendant had not "wrongfully detained" these items.
The attorney trial referee's report concerning a division of the real estate was accepted by both parties, but the recommendation regarding personal property was the subject of a motion by the plaintiff to correct the report, filed pursuant to Practice Book 438. He claimed that the findings of fact should be amended in several respects, including that: (1) a large number of items of personal property had been acquired during the marriage through funds derived from the sale of the parties' jointly held real estate in California and a home equity loan on the Weston property, and therefore he was entitled to joint possession of such items; (2) one half the value of the personal property acquired with joint funds during the marriage would amount to approximately $110,000, and that he was entitled to damages in that amount for defendant's wrongful detention of personal property belonging to him.
The referee declined to make any substantive corrections in her report, except to note that the defendant had proven that she had made monetary contributions to the marriage "substantially in excess of the plaintiff's contribution," and that neither party had "offered evidence of the source of funds for any particular purchase of tangible personal property."
The plaintiff then filed one document entitled "Objections to acceptance of referee's report and exceptions to the report." Practice Book 440, 439. This document mirrors his motion to correct and claims that: (1) a vast amount of personal property, furniture, art, antiques and oriental rugs, had been acquired during the marriage, totalling approximately $246,000, some of which had been purchased through home equity loans on the parties' jointly held realty; (2) his share of the personal property is $110,000 after subtracting for certain items already in his possession; and (3) personal property acquired during the marriage by use of a joint checking account and/or an equity loan signed by both parties necessarily means that plaintiff has an equal right to possession of this personal property, citing Southworth v. Smith, 27 Conn. 354, 357, CT Page 362871 App.Div. 72 (1858) ("It is a general principle of the common law, that, where personal property is owned by several persons, all of them are equally entitled to the possession of it").
It should be noted at this point that this court's authority in reviewing an attorney trial referee's recommendations is a limited one. As our Supreme Court held in Dills v. Enfield, 210 Conn. 705, 714,557 A.2d 517 (1989): (1) the trial court may not "retry the case"; (2) a court may not find additional facts or reject facts found by the referee unless, in the words of Practice Book 439, "a material fact has been found without evidence or the (referee) has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear"; and (3) a trial court may not engage in "fact-finding contrary to the report of the referee." Id., 716.
The transcript in this case has been reviewed and it is evident that support exists for the referee's factual findings. It was brought out in the trial that over the course of the fourteen year marriage, Mrs. Pohl had contributed approximately $800,000 as contrasted with the plaintiff's contribution of about $430,000. Her funds came from a trust and the administrator thereof testified that from 1975 through 1988, a total of $751,200 had been distributed to the defendant, and, in addition, she was reimbursed for a variety of medical, travel and educational expenses.
If the findings of fact by the referee are accepted, as they are, then this court's task, according to Bernard v. Gershman, 18 Conn. App. 652,656, 559 A.2d 1171 (1989), is to determine whether the conclusions of fact and law "are legally and logically correct and whether they find support in the facts found by the referee." Practice Book 440. This procedure appears to be similar to that employed by an appellate court in reviewing a decision of me trial court. "On appeal, our review is limited to a determination of whether the trier's findings are clearly erroneous . . . This involves a two part function: where the legal conclusions of me court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision; where the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous . . . ." (citations and internal quotation marks omitted). Fortier v. Newington Group, 30 Conn. App. 505,509, A.2d (1993).
Since the findings find support in the record, the next issue is CT Page 3629 whether the referee's conclusion that the defendant should retain the personal property now in her possession without reimbursement to Mr. Pohl follows logically and legally from these findings. The conclusion was based on the finding that Mrs. Pohl had contributed almost twice as much money to the marriage as had her former husband, the plaintiff, or, as the referee put it, her contribution was "substantially in excess" of the plaintiff's contribution.
I believe it is clear in this case that plaintiff and defendant were tenants in common of their personal property, since the funds for the purchase of such property came from a joint bank account. Even if such property had been paid for by one party, the result would be the same. "It is settled law that where one spouse purchases property entirely with his or her own funds and takes title in the names of both spouses jointly, a rebuttable presumption arises that a gift was intended to the other spouse of a one-half interest in the property." Hackett v. Hackett,42 Conn. Sup. 36, 41, 598 A.2d 1112, aff'd, 26 Conn. App. 149,598 A.2d 1103 (1991). This does not necessarily mean, however, that on distribution of such property in the context of a case such as this, the property must be evenly divided. "Although each party was the owner of an undivided one-half interest in the property, it does not follow that he or she will necessarily be entitled to equal shares of the moneys obtained from the sale. Equities must be considered and, if established, must be liquidated before distribution is ordered." Levay v. Levay, 137 Conn. 92,96, 75 A.2d 400 (1950).
The attorney trial referee determined that an equitable distribution of the personal property would be to permit the defendant to retain those items already in her possession, and which were left with her in the Weston home when the plaintiff removed himself from those premises. This conclusion was based on her finding that the defendant had made a substantially larger monetary contribution to the marriage that had the plaintiff. Based on the standard of review in Dills v. Enfield, supra, I could not find that this conclusion was unwarranted, illegal or illogical, but rather believe that, in the words of Practice Book 440, the conclusions "were properly reached on the basis of the subordinate facts found." Thus, no material error in the referee's report has been found, or any other sufficient reason why it is unacceptable. Practice Book 443.
Judgment is entered in favor of the defendant denying plaintiff's request for reimbursement for one half of the value of the personal property acquired during the marriage. Those items acquired by Mr. Pohl prior to the marriage that are in defendant's possession are to be returned to him forthwith. The funds held in escrow from the sale of the realty are to be disbursed in accordance with the referee's CT Page 3630 recommendation. Costs are to be taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut, this 15th day of April, 1993.
William B. Lewis, Judge