[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Both parties move for distribution of the net proceeds resulting from a court-ordered sale of jointly owned real property. The court held an evidentiary hearing on this matter on CT Page 14574 November 30, 1998, and finds the following facts.
In February 1997, the plaintiff, Andrea Champoux, moved into a residence solely owned by the defendant, Gerald Porter. The parties lived together as a family and shared living expenses. The plaintiff would give her paycheck to the defendant, and he would manage the couple's finances. In May 1997, the couple decided to move to a new residence. The defendant sold their residence, which he had owned for eighteen months, and, on August 22, 1997, the parties jointly purchased a house at 15 Crooked Trail Extension, Woodstock, Connecticut, for $97,500.
The couple paid for the new home using a mortgage loan of $82,875, upon which loan the parties have joint liability. The balance of the purchase price was paid from their joint bank account and using $10,000 which the defendant received from the sale of his former residence.
The couple lived in their new home together for six weeks. At that time the plaintiff moved out, and the parties have remained separated since then.
The plaintiff brought this partition action on January 21, 1998, and the mortgagee was later added as a defendant. On July 2, 1998, court, Booth, J., ordered a sale of the property. On August 29, 1998 the property, subject to the mortgage, was sold at auction to the defendant for $16,000. On September 21, 1998, the court, Sferrazza, J., approved the sale and committee cost of $684.20 and fees of $2,460. The cost of suit were $504. Subtracting the fees and costs from the sale proceeds of $16,000 leaves net proceeds of $12,351.80 to be distributed between the parties.
The plaintiff claims that this amount ought to be divided equally. The defendant contends that he should receive a $10,000 credit for the sum he supplied to purchase the house from the proceeds he acquired from the sale of his former residence. He also argues that the plaintiff should receive a $1,500 credit as compensation for what he estimates she contributed toward the purchase of their jointly owned home. Any remainder after these credits are deducted would then be split equally. The court finds the plaintiff's argument persuasive, and orders that the $12,351.80 be distributed equally, i.e., $6,175.90 to each former owner. CT Page 14575
In Vesce v. Lee, 185 Conn. 328 (1981), our Supreme Court reversed the trial court which had engaged in the kind of contribution — credit analysis proposed by the defendant. In that case, an unmarried couple lived together as a family unit until one party moved out when discord arose. The court recognized that if a couple lives together in a jointly owned residence as a family and each contributes toward their joint benefit, a presumption arises that all contributions toward the purchase and upkeep of the residence were made for such joint benefit, requiring that the proceeds from the sale of the residence be shared equally rather than in proportion to the contributions are made by each owner. Id., 336. This presumption survives the departure of one joint owner and the assumption of all expenses by the other. Id. In the absence of an agreement or understanding to the contrary, all contributions toward the acquisition and maintenance of the premises, before and after the breakup, are deemed to be made for the joint benefit of the joint owners.Id., 337.
In the present case, the court finds that no agreement or understanding existed between the parties that each would accrue individual credit for each contribution made to buy and keep the home to be applied to the proceeds resulting from a future sale. Every sum used for these purposes was a gift to the other as a joint owner so that any disparity in amount contributed is immaterial. Hackett v. Hackett, 42 Conn. Sup. 36, 41
(1990), aff'd per curiam, 26 Conn. App. 149 (1991).
The defendant points to the Hackett case, supra, as establishing a pertinent exception to the presumption recognized in Vesce, supra. The court disagrees and concludes that the unusual factual circumstances in Hackett, supra, distinguish that case from the present one. In Hackett, supra, the parties divorced, but the decree failed to dispose of a jointly owned residence. One party remained at the residence for ten years before sale and paid all expenses connected with the property including improvement. The trial court found that an agreement or understanding sufficient to rebut the presumption of joint benefit existed between the former spouses. Id., 48. No such agreement or understanding exists in the present case. The court orders that the $12,351.80 be distributed in equal shares of $6,175.90.
Sferrazza, J. CT Page 14576