[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this partition action, the court entered judgment on September 15, 1998, ordering the sale of the subject property pursuant to General Statute § 52-500.
The parties move separately for a determination of the interest and equities of the parties to the sale proceeds pursuant to General Statute § 52-502(b). The property was sold for $500,000 and the proceeds were paid to the court. The court approved the sale and the committees fees and expenses.
After hearing testimony of the parties and their son and in light of certain facts to which the parties stipulated, the court finds the following facts pertinent to the requested determination. The subject property is located at 12 East Street North in Goshen, Connecticut. During the marriage of the parties in November 1980, they acquired the property as joint tenants with rights of survivorship. The purchase price was $400,000. Primarily during their marriage, there were capital improvements to the property at a cost of $357,896.92. The parties were divorced in October 1988; the parties continued to hold title as joint tenants after the divorce. Neither party resided at the property from 1988 to date but defendant used the property during the summers for a few years after the divorce. At the entry of the decree of divorce in Nevada on October 27, 1988, the court ratified, confirmed and approved a post-nuptial agreement as amended which provided that the plaintiff pay all taxes, utilities, and general maintenance of the property until the sale of the property. The plaintiff did so until approximately 1992 when civil relations broke down between the parties over issues regarding their youngest son and the plaintiff ceased making payments pursuant to the post nuptial agreements, including all those towards the property. From 1993 to the date of the sale, the defendant paid property taxes for the property totaling $57,151.43, and paid lawn and ground maintenance costs for the property of $19,498.67. From March 1994 to the sale of the property, the defendant paid $6,890.64 for electric utility service at the property. From 1993 to the sale of the property, the defendant paid $5,264.03 in general repairs and maintenance.
The defendant seeks an order distributing all of the net CT Page 4960 proceeds to her, claiming that in addition to her one half legal interest in the property she is entitled to the following equitable claims against the plaintiff's one half legal interest:
 a. A reimbursement to her of expenses she paid relating to the property.
 b. Partial execution of a unsatisfied money judgment she obtained in Nevada, which judgment has been filed in Connecticut.
The plaintiff seeks an order that the net proceeds to be divided between the parties, with 91.38% or $453,620.86 to the plaintiff and 8.62%, or $42,790.68 to the defendant. For the reasons stated below, the court does not grant either party's request.
The court must consider the equities in determining the distribution of the sale proceeds. The parties each have a legal one half interest in the proceeds. Their equitable claims arise out of an extended tortuous multi state post dissolution saga. Both parties have cited Hackett v. Hackett, 42 Conn. Sup. 36
(1990) aff'd per curiam, 26 Conn. App. 149 (1991), cert. denied,221 Conn. 905 (1992). In that decision, the court noted the following rule:
 It is settled law that where one spouse purchases property entirely with his or her own funds and takes title in the names of both spouses jointly, a rebuttable presumption arises that a gift was intended to the other spouse of a one-half interest in the property. . . . This is the rule whether the person who pays the purchase price is the husband or the wife.
(Citations omitted), 42 Conn. Sup. 41.
The court finds no evidence to rebut this presumption. Accordingly, the plaintiff does not receive a credit for the monies he spent to purchase the property and pay off the mortgage. The plaintiff claims that he made improvements to the property that should be considered in the distribution of the proceeds. There was no evidence presented to show which improvements took place after the dissolution of the marriage. Unlike the parties in Hackett, the parties here executed an agreement that provided that they would continue to jointly own CT Page 4961 the property and that the plaintiff "shall bear all ordinary expenses . . . of maintaining the [property] until the closing of the sale of the [property]"; and that he "shall pay all real estate taxes at the [property] which are required to be paid after execution of the agreement." They further agreed that upon sale of the property, the net proceeds would be divided equally.
The evidence before the court shows the plaintiff spending $35,318.25 after the dissolution of the marriage on improvements and repairs to the property pursuant to the agreement. Then, in 1992, the plaintiff stopped making any payments and thereafter the defendant paid expenses of taxes maintenance and repair in the amount of $88,783.19. The court heard testimony as to the circumstances of the plaintiff's failure to comply with the agreement after 1992, including the explanation that the defendant breached the agreement in denying the plaintiff visitation rights to his youngest son. Several proceedings have occurred in other jurisdictions regarding the post nuptial agreement.
The defendant argues that the court should consider the judgment she has obtained in Nevada for breach of the agreement on distributing the proceeds.[1] However, the court does not believe that an attempt to resolve all the issues between these parties would be a wise exercise of its equitable powers in this partition action. The court limits its exercise of equitable powers to settling the relation between the parties as to their interests, legal and equitable, in the subject property.
SALE PROCEEDS: $500,000
Less Committee fees: $3,030.00
Less Committee Expense: $558.46
Net Proceeds: $496,411.54
To the plaintiff:
50% of net proceeds: $248,205.77
Less $88,783.19 as reimbursement to
defendant for her payment of expenses CT Page 4962
that should have been paid by the plaintiff: $88.783.19
$159,422.58
To the defendant:
50% of net proceeds: $248,205.77
Plus $88,783.19 as reimbursement for
her payment of the expenses that should
have been paid by the plaintiff: $88,783.19
$336,988.96
Accordingly, on the motions before the court it is ordered that the Clerk disburse the sale proceeds of $500,000.00 be paid out as follows:
$3,030.00 to committee for fees;
$558.46 to committee for expenses;
$159,422.58 to the plaintiff Moey Segal.
$336,988.96 to the defendant Leonor Segal.
DIPENTIMA, J.