[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO RELEASE PARTITION SALE PROCEEDS #141; AND MOTION FOR PARTIAL SUMMARY JUDGMENT #143
On May 23, 1998, the plaintiffs, Elaine Cannata, Ann Longo, Lois Milo, Julie Ricciardi, Richard Ricciardi, Jr. and Jennifer Ricciardi filed a complaint for partition of sale of real estate against the defendants, Gerald R. Ricciardi, Yvonne K. Ricciardi and Mary Ellen Amabile. The plaintiffs subsequently amended their complaint and joined Mary Ellen Amabile as a plaintiff in the partition action on May 23, 1998.[1] In CT Page 6247 response to the original complaint, the defendants filed an answer and counterclaim on February 17, 1998.[2] This court entered a judgment of partition by sale on December 14, 1998 and a committee was appointed to sell the property via a public auction. On April 17, 1999, the committee conducted the auction and the plaintiffs were the successful bidders at $80,000. The court is currently holding the proceeds of the sale.
On November 30, 2000, the plaintiffs filed a motion to release partition sale proceeds with supporting evidence. On December 7, 2000, the plaintiffs filed a motion for partial summary judgment with supporting evidence on the issue of the defendants' purported "rental payments." In response, the defendants filed an objection to the plaintiffs' motion to release partition sale proceeds on December 11, 2000. The defendants also filed a memorandum of law in opposition to the plaintiffs' motion for summary judgment on December 28, 2000. These motions are now before the court.
 A. Motion for Partial Summary Judgment #143
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material, fact and that the moving party is entitled to judgment as a matter of law. . . ." In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . ." (Citations omitted; internal quotation marks omitted.) Miles v. Foley, 253 Conn. 381, 385-86,752 A.2d 503 (2000)
A plaintiff may obtain summary judgment on part of a claim only when it appears that a defense applies to part of the claim or where part of the claim is admitted. Practice Book § 17-51. The majority of Superior Court judges have held, however, that Practice Book § 17-51 (formerly § 386) does not permit a movant to eliminate some of the allegations in a single count via a motion for summary judgment. See generally Cavev. Farm Family Mutual Insurance Co., Superior Court, judicial district of Waterbury, Docket No. 125978 (December 31, 1996, Vertefeuille, J.) (18 Conn.L.Rptr. 396, 396-97) (finding that there is "no appellate, authority which permits summary judgment in favor of the defendant against the plaintiff for a portion of a count in the complaint"); Tracyv. Charisma Aviation, LTD., Superior Court, judicial district of New Haven, Docket No. 270725 (January 20, 1993, Hadden, J.) (8 Conn.L.Rptr. 282, 283) ("there is no rule which allows a defendant to obtain summary judgment as to one or more, but not all, of the CT Page 6248 claims made in a single count . . ."); Schofield v. BicCorporation, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 021244 (January 31, 1991, Fuller, J.) (3 Conn.L.Rptr. 229, 230) (finding that summary judgment "cannot be granted for a defendant unless it disposes of all the issues in the count.")
In the present case, the plaintiffs argue that the purported rental payments to Marie C. Ricciardi were gifts because she was not the owner or lessor of the subject property after November 15, 1991. The plaintiffs further argue that the payments may not be considered as a setoff to their claims. In response, the defendants argue that the plaintiffs' motion for summary judgment fails to address issues of fact raised by the defendants in their answer and counterclaim. For example, the defendants argue that the plaintiffs' motion fails to address the fact that the defendants lived at the subject property for many years prior to 1991 with a rental agreement which would maintain the status quo even after the execution of the guitclaim deed.
Since the plaintiffs are seeking to eliminate but one of the claims in the defendants' single count counterclaim, the plaintiffs' motion for summary judgment is denied. Schofield v. Bic Corporation, supra,3 Conn.L.Rptr. 230. In their counterclaim, the defendants seek more than just recoupment for their alleged payment of rent. They also seek compensation for their alleged care and upkeep of the real property, including maintenance, utility costs and taxes. (Counterclaim, ¶ 5.) Accordingly, genuine issues of material fact still remain and the defendants' motion for partial summary judgment is denied.
 B. Motion to Release Partition Proceeds #141
The plaintiffs have moved this court to release five-sevenths of the partition sale proceeds amounting to $57,600. The plaintiffs argue that the defendants, in their special defense, have admitted that their share of the proceeds should be two-sevenths. In response, the defendants argue that if the court were to release any of the partition sale proceeds at this time, the defendants would be denied a hearing on the merits of their counterclaim prior to distribution.
"Ordinarily, in a partition by sale, the claims of the parties as to their interests in the property are considered in connection with the distribution of the proceeds. . . . In a partition sale, even where each party may be the owner of an individual one-half interest in the property, it does not necessarily follow that he or she will be entitled to equal shares of the moneys obtained from the sale as the [e]quities must be considered and, if established, must be liquidated before CT Page 6249 distribution is ordered." (Citations omitted, internal quotation marks omitted.) Hackett v. Hackett, 42 Conn. Sup. 36, 40, 598 A.2d 1112
(1990), aff'd, 26 Conn. App. 149, 598 A.2d 1103 (1991), cert. denied,221 Conn. 905, 600 A.2d 1359 (1992)
In accord with the foregoing, the plaintiffs' motion to release partition sale proceeds is denied. As previously noted, the defendants have alleged they have made certain expenditures, such as maintenance, which may affect the amount of distribution and these expenditures, as alleged in the defendants' counterclaim, must be considered prior to ordering distribution. Hackett v. Hackett, supra, 42 Conn. Sup. 40.
 SO ORDERED ____________________ JUDGE THOMAS G. WEST